UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
                                                                    :
                                                                    :
IN RE SONY SXRD REAR PROJECTION TELEVISION  :
CLASS ACTION LITIGATION                                  :   06 Civ. 5173 (RPP)
                                                                    :
This Document Relates to:                                 :   ECF CASE
                                                                    :
ALL ACTIONS                                                   :
                                                                    :
                                                                    :
-----------------------------------------------------------------------x

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (the "Agreement") is made and entered

into as of the 16th day of October, 2007, by and among Michael Cook, Paul Krasnoff, Rami

Masri, Clinton Carr, Paul Scharlau, Darrell Lawson, Richard Lisa, Debra Jovanovic, Blaine Eric

Walker, Syboll Munger, Jim Porubyanski, Bob Hicks, Gary Weldon, Jimmy Cline, Ronald

Rossett, J. Eisenbraun, James Wingate and Mark Beeman, (the "Plaintiffs"), on behalf of

themselves and all others similarly situated (the "Settlement Class" as defined below), and Sony

Electronics Inc., Sony Corporation, and Sony Corporation of America (collectively "Sony").

1.    RECITALS

        1.1.    On or about July 7, 2006, Michael Cook filed an action in the United

States District Court for the Southern District of New York, captioned *Cook v. Sony Corporation*

*of America, Inc., Sony Electronics, Inc., and Sony Corp.*, No. 06 CV 5173 (RPP) (the "Cook

Action").  On or about September 28, 2006, Cook filed a First Amended Class Action Complaint

in the Cook Action.

480774.9

1.2.    On or about September 29, 2006, Paul Krasnoff filed an action in the United States District Court for the Southern District of New York, captioned *Krasnoff v. Sony Corporation of America, Inc., Sony Electronics, Inc., and Sony Corp.*, No. 06 CV 7835 (RPP) (the "Krasnoff Action").

1.3.    On or about December 22, 2006, the United States District Court for the Southern District of New York issued an order consolidating the Cook Action and the Krasnoff Action.

1.4.    On or about January 16, 2007, Cook and Krasnoff filed a Consolidated Class Action Complaint in the United States District Court for the Southern District of New York, captioned *In re Sony SXRD Rear Projection Television Class Action Litigation*, No. 06 CV 5173 (RPP) (the "Action").  On or about February 20, 2007, the Plaintiffs filed a First Amended Consolidated Class Action Complaint (the "Complaint") in the Action.

1.5.    The Complaint in the Action asserts that the Televisions (as defined below) contain a characteristic, inherent, and latent defect in a component known as the optical block that causes green blobs, yellow stains, green haze, yellow lines and other color anomalies to be displayed on the screens.  The Complaint further alleges that Sony's attempts to rectify the alleged defect have resulted in, among other things, a softer and washed out picture, "blotchy" rendition of the color black, lack of color uniformity, and "grayscale" problems, and that despite Sony's alleged representation that the Televisions will deliver "film like reproduction," they do not perform as marketed.  The Complaint asserts causes of action for breach of express and implied warranty, restitution/disgorgement/unjust enrichment, violation of the Magnuson-Moss Act, violation of California Business and Professions Code § 17200 and § 17500, violation of the

Song Beverly Consumer Warranty Act, violation of California Consumers Legal Remedies Act, as well as violations of other applicable State consumer fraud statutes.

1.6.    On or about February 7, 2007, Michael Croft, represented by Croft Counsel (as defined below) filed a putative class action lawsuit individually and on behalf of a potential class of all other residents of the State of California in the Superior Court of California for the County of San Diego, captioned *Croft v. Sony Electronics, Inc. and Does 1 through 100, Inclusive*, No. GIC879778 (the "Croft Action"). On or about March 29, 2007, Michael Croft, Randy L. Engstrum, and John Lindsheid (the "Croft Plaintiffs") filed a First Amended Complaint for Damages and Injunctive Relief in the Croft Action (the "Croft Complaint"), which alleges claims substantially identical to those alleged in the Complaint in the Action. The Croft Plaintiffs are members of the Settlement Class (as defined below) and the parties to the Croft Action also desire to resolve the Croft Action in accordance with the settlement set forth in this Agreement.

1.7.    The undersigned counsel for the Plaintiffs are familiar with the claims being settled and the defenses asserted. Said counsel have had the opportunity to conduct, and have conducted, discovery and investigation relating to the events alleged in the Complaint, including inspecting and reviewing documents produced by Sony and having the opportunity to interview certain witnesses.

1.8.    The Plaintiffs and their counsel believe that the Action has merit. Sony and its counsel believe that Sony has valid defenses. The terms of this Agreement were reached after extensive, bona fide arm's-length negotiations among counsel for the parties, including extensive mediation before the Honorable Richard C. Neal, retired Justice of the Court of Appeal of the Second Appellate District of the State of California.

480774.9                                      3

1.9.     The parties and their counsel acknowledge the uncertain outcome and the risk of further litigation, as well as the difficulties, delays, and costs inherent in such litigation. The Plaintiffs and their counsel have also taken into account the substantial benefits conferred on the Plaintiffs and the Settlement Class (as defined below) by the settlement set forth in this Agreement.  The Plaintiffs and their counsel have therefore determined that the settlement set forth in this Agreement is fair, reasonable, and in the best interests of the Plaintiffs and the Settlement Class.

1.10.    Sony wants to avoid the substantial expense, inconvenience, and distraction of continuing to litigate this Action and the Croft Action through trial and appeals.

NOW, THEREFORE, in consideration of the mutual covenants and other consideration described below, and subject to approval of the Court, the parties, by and through their respective undersigned counsel agree as follows:

2.     <u>DEFINITIONS</u>

The following terms shall have the following meanings when used herein (it being understood that other terms are defined elsewhere in this Agreement):

2.1.     "Class Counsel" means Robert I. Lax of Robert I. Lax & Associates, Jeffrey A. Koncius of Lange & Koncius, LLP and Jon M. Herskowitz of the Herskowitz Law Firm.

2.2.      "Court" means the United States District Court for the Southern District of New York.

2.3.     "Croft Counsel" means Class Counsel, as defined above, and Harold J. Tomin of the Law Office of Harold J. Tomin, counsel for Croft Plaintiffs in the Croft Action.

2.4.    "Discolorations" means alleged color anomalies in the picture display of the Televisions described in Complaint, including, but not limited to, green blobs, yellow stains, green haze, yellow lines, a softer and washed out picture, lack of color uniformity, poorer rendition of dark colors, "blotchy" rendition of the color black, problems with "grayscale," and convergence problems.

2.5.    "Effective Date" means the first date by which all the conditions and events specified in Section 13 have been met and have occurred.

2.6.    "Final," with respect to the Judgment, means that the Judgment shall have become non-appealable and shall not have been reversed, vacated, or modified.  If the Judgment is set aside, modified in a form not mutually agreeable to the parties, vacated or reversed (and not fully reinstated on further appeal), then the Judgment is not Final and the Effective Date cannot occur.

2.7.    "Final Settlement Hearing" means the hearing to be held by the Court to determine whether the settlement set forth in this Agreement should be approved as fair, reasonable, and adequate.

2.8.    "Judgment" means the Judgment and Order of Dismissal of the Action provided for in Section 12.

2.9.    "Person" means any individual, corporation, partnership, or other entity.

2.10.    "Releasor" or "Releasors" means, without limitation, the Plaintiffs and each and all of the Settlement Class members who have not timely requested exclusion from the Settlement Class pursuant to Section 9.5.

2.11.    "Televisions" means the following Sony SXRD high definition rear projection televisions: KDS-R50XBR1 and KDS-R60XBR1.

480774.9                                    5

3.      THE SETTLEMENT CLASS

3.1.    For purposes of this settlement and Agreement only, and for no other purpose, "Settlement Class" shall mean all end user consumers in the United States who purchased or received as gifts the Televisions.

3.2.    Excluded from the Settlement Class are:

(a)      Sony, its affiliates, and their employees and immediate family members;

(b)      Persons who purchased or acquired a Television for commercial use or resale;

(c)      Persons who are claims aggregators;

(d)      Persons who claim to be an assignee of rights associated with the Televisions; and

(e)      Persons who have timely and validly opted out of the Settlement Class pursuant to Section 9.5.

4.      SETTLEMENT BENEFITS

4.1.    Sony agrees that in consideration of the Releases set forth in Section 5, Sony will provide to each Releasor the benefits described in this Section 4.

4.2.    Warranty Extension

4.2.1.  Sony will extend its manufacturer's limited warranty on the optical blocks of the Televisions until June 30, 2009 with in-home service (the "Warranty Extension").  Other than as described herein, all other terms of Sony's limited warranty are not affected by this Agreement.

4.2.2.  Sony will announce the proposed Warranty Extension contemplated by this Agreement on the Settlement Website (defined below) as set forth in Section 9.2 below, and

480774.9                                                    6

will announce the Warranty Extension in a bulletin to all authorized Television servicers, within ten business days following the Effective Date.

### 4.3.    Warranty Fulfillment

4.3.1.   From the Effective Date through June 30, 2009 (the "Warranty Fulfillment Period"), Sony will maintain a dedicated information webpage located at the Televisions' model home pages on www.sony.com/tvsupport.  For the duration of the Warranty Fulfillment Period, Sony will also maintain a dedicated toll-free telephone number for Settlement Class members to obtain a telephone diagnosis and, if necessary, warranty repair with respect to the Warranty Extension.

4.3.2.   Sony will create, train and maintain during the Warranty Fulfillment Period a dedicated team of technical representatives to handle telephone calls to the dedicated toll-free telephone number under the Warranty Extension to: (i) diagnose any necessary repairs over the telephone; (ii) arrange as necessary for parts shipments, including the shipment of optical blocks, if necessary, as soon as practical after the telephone diagnosis; and (iii) arrange in-home service calls.

4.3.3.   During the Warranty Fulfillment Period, for those Settlement Class members contacting Sony through the dedicated toll-free telephone number, in the event Sony is unable to ship a replacement optical block, if necessary, within 14 days following the initial telephone diagnosis by Sony, the Settlement Class member will have the option to: (i) wait for the repair; or (ii) exchange his Television for a remanufactured SXRD XBR1 Television.  The parties acknowledge that any such replacement television may have a lower retail selling price than the Settlement Class member's original Television.

### 4.4.    Reimbursement of Expenses for Optical Block Repair

480774.9

7

4.4.1.   Sony will reimburse any Settlement Class member for out-of-pocket expenses incurred prior to the Effective Date in connection with: (a) the replacement of an optical block; or (b) shipping a Television to an authorized service center for such a repair, on the terms set forth below.

4.4.2.   To receive the reimbursement described in this Section 4.4, the Settlement Class member must submit to the settlement administrator a valid proof of claim within 180 days following the Effective Date.

4.4.3.   To submit a valid proof of claim, the Settlement Class member must send the settlement administrator: (i) a completed proof of claim form, substantially in the form attached hereto as part of Exhibit C, setting forth the Settlement Class member's name, address, the serial number of his or her Television, and an attestation that the Settlement Class member personally incurred the charge for which reimbursement is requested and that such charge has not previously been reimbursed by Sony; and (ii) a legible copy of a receipt showing the shipping and/or repair charge.

4.4.4.   Proofs of claim that do not comply with Section 4.4.3 shall be rejected by the settlement administrator.  However, prior to rejection of a proof of claim, the settlement administrator shall forward by mail to Class Counsel a copy of any proof of claim that the settlement administrator proposes to reject, and shall allow Class Counsel and the Settlement Class member forty-five (45) days from the date of mailing to correct the deficiencies in any such proof of claim.  If the deficiencies are not corrected within the forty-five (45) day period, the settlement administrator shall reject the proof of claim.

4.4.5.   Sony's provision of benefits pursuant to the Agreement are final and conclusive against all Settlement Class members.  Any Settlement Class members whose proofs

480774.9                                              8

of claim are not approved by the settlement administrator shall be bound by this Agreement, including, without limitation, Section 5.

4.4.6.  Sony will mail checks to Settlement Class members within six (6) weeks after receipt of a valid proof of claim or six (6) weeks after the Effective Date, whichever is later.

4.5.  Reimbursement of Certain Extended Service Plan Purchases from Sony or Sony's Extended Service Plan Providers, Service Net Solutions, LLC or Service Net Solutions of Florida, LLC (together, "Service Net Solutions")

4.5.1.   Sony will reimburse any Settlement Class member for out-of-pocket expenses incurred prior to the Effective Date, but after July 15, 2006, in connection with his purchase from Sony or Service Net Solutions of an extended service contract covering his Television (an "Extended Service Plan"), on the terms set forth below.  This Section 4.5 shall not apply to purchases of an extended service contract from Persons other than Sony or Sony's extended service plan providers, Service Net Solutions.

4.5.2.  By no later than three (3) weeks after the Effective Date, Sony will mail to each Settlement Class member who, according to Sony's records, purchased an Extended Service Plan from Sony or Service Net Solutions after July 15, 2006 and before the Effective Date, a request for confirmation that he wishes to cancel his Extended Service Plan and receive reimbursement for moneys paid for the purchase of such Extended Service Plan (the "Request for Confirmation").  The Request for Confirmation shall be substantially in the form attached hereto as Exhibit E.

4.5.3.  To receive the reimbursement described in this Section 4.5, the Settlement Class member must mail to the settlement administrator an executed Request for Confirmation within nine (9) weeks following the Effective Date.

4.5.4.   Sony will refund the Settlement Class member's out-of-pocket expenses for purchasing an Extended Service Plan from Sony or Service Net Solutions by mailing a check to the Settlement Class member within six (6) weeks after receipt of the executed Request for Confirmation.  Sony will arrange to cancel the Settlement Class member's Extended Service Plan upon the mailing of such a check.

4.6.   Reimbursement of Certain Expenses Associated with SXRD Upgrade

4.6.1.   For any Settlement Class member who required more than one optical block repair prior to the Effective Date, Sony will reimburse such Settlement Class member any moneys paid to Sony prior to the Effective Date in connection with Sony's customer service staff accommodating an exchange/"upgrade" for an XBR2, A2000, or A2020 SXRD television.  Sony shall refund such amounts automatically to those Settlement Class members qualifying according to Sony's own records, by mailing checks within six (6) weeks after the Effective Date.

4.7.   Sony shall bear the costs of settlement administration, including the cost of providing notice as described in Section 9.

5.   RELEASES

5.1.   Upon the Effective Date, in exchange for the consideration specified herein and save and except for the rights, duties and obligations of this Agreement, the Releasors, on behalf of themselves and any and all of their respective successors-in-interest, affiliates, assigns, heirs, insurers, executors, officers, directors, agents, employees, attorneys, parent companies, subsidiaries, administrators, principals, shareholders, representatives, partners, joint venturers, predecessors-in-interest, trusts, trustors, trustees, beneficiaries, and all others who may take any interest in the matter herein, jointly and severally, fully and forever release, acquit and discharge all Sony affiliated companies, including but not limited to Sony Corporation, Sony

480774.9                                                10

Corporation of America, and Sony Electronics Inc., and their respective successors-in-interest, affiliates, assigns, heirs, insurers, executors, officers, directors, agents, employees, attorneys, parent companies, subsidiaries, administrators, principals, shareholders, representatives, partners, joint venturers, predecessors-in-interest, trusts, trustors, trustees and beneficiaries and all others who may take any interest in the matter herein from all claims, causes of action, demands, losses or damages of any kind, whether based on contract, tort, statutory or other legal or equitable theory of recovery, whether now known or unknown, suspected or unsuspected, existing, claimed to exist or which can ever hereinafter exist, arising or which could be claimed to arise out of or in connection with, or related in any way to the optical blocks in the Televisions or the Discolorations, including but not limited to the facts, events, matters, claims and causes of action that were or could have been asserted, alleged or referred to in the Complaint and in the Croft Complaint, including but not limited to claims sounding in the consumer protection laws of the United States or of any state or other jurisdiction in the United States, as well as under the unfair or deceptive trade practices, trade regulation, consumer fraud, fraudulent misrepresentation and false advertising law of the United States or any state or other jurisdiction in the United States, including but not limited to any claims relating to the alleged diminished value of or need to replace a Television, but not including claims for personal injury or property damage (although, for avoidance of doubt, including any claims for damage to the Television itself) (the "Released Claims").  The release contained herein shall not constitute a release of or relieve the parties of any of their respective future obligations under this Agreement.

        5.2.     The Releasors acknowledge that the consideration exchanged in this Agreement is intended to and will release and discharge any claim and/or cause of action by them, or any of them, as described in Section 5.1 above, with regard to any unknown or future

480774.9

11

damage, loss or injury, and that they, and each of them, do hereby waive any rights under

California Civil Code Section 1542 (or similar law of any other state or jurisdiction), which reads

as follows:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE
> CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR
> AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN
> BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT
> WITH THE DEBTOR.**

    5.3.    The Releasors acknowledge, warrant, and represent that they are familiar

with Section 1542 of the California Civil Code (or similar law of any other state or jurisdiction)

and that the effect and import of that provision has been fully explained to them by their

respective counsel.

    5.4.    The Releasors acknowledge that there is a risk that subsequent to the

execution of this Agreement, one or more of the Releasors will incur or suffer losses, damages,

or injuries related to the subject matter of this Agreement, which are unknown and unanticipated

at the time this Agreement is signed. The Releasors, and each of them, hereby assume the

above-mentioned risks and understand that this Agreement shall apply to all unknown or

unanticipated claims, losses, damages or injuries relating to the subject matter of this Agreement,

as well as those known and anticipated, and upon advice of legal counsel, the Releasors, and

each of them, do hereby waive any and all rights under the aforesaid Section 1542. The

Releasors acknowledge that they fully understand that they may hereafter discover facts in

addition to or different from those which they now know or believe to be true with respect to the

subject matter of this Agreement, but that it is their intention hereby to fully, finally and forever

release all claims, obligations and matters released herein, known or unknown, suspected or

unsuspected, which do exist, may exist in the future or heretofore have existed between the

480774.9

12

Releasors and Sony, and that in furtherance of such intention, the releases given herein shall be and remain in effect as full and complete releases of the matters released herein, notwithstanding the discovery or existence of any such additional or different facts.

5.5.   The parties to this Agreement each represent to the other that they have received independent legal advice from attorneys of their own choosing with respect to the advisability of making the settlement provided for in this Agreement, and with respect to the advisability of executing this Agreement, that they have read this Agreement in its entirety and fully understand its contents, and that each is executing this Agreement as a free and voluntary act.

5.6.   The covenant not to sue and the releases in this Agreement shall extend and inure to the benefit of all Sony affiliated companies, including but not limited to Sony Corporation, Sony Corporation of America, and Sony Electronics Inc. and their respective successors-in-interest, affiliates, assigns, heirs, insurers, executors, officers, directors, agents, employees, attorneys, parent companies, subsidiaries, administrators, principals, shareholders, representatives, partners, joint venturers, predecessors-in-interest, trusts, trustors, trustees and beneficiaries and all others who may take any interest in the matter herein (collectively, the "Released Parties").

5.7.   Each of the Releasors represents and warrants to each Released Party that the Releasor has not heretofore assigned, hypothecated, or otherwise transferred, or attempted to assign, hypothecate or transfer, any claim or claims against the Released Parties and that there is no other person or legal entity that has not executed this Agreement as a Releasing Party that has any interest in any such claim or claims against the Released Parties. Each Releasor hereby agrees to indemnify and hold harmless all Released Parties from any and all liabilities, claims,

480774.9                                        13

demands, obligations, damages, costs, expenses and attorneys' fees arising from or related to any claim which, if true, would constitute a breach of this representation and warranty including, but not limited to, all claims resulting from anyone asserting such interest, assignment, hypothecation or transfer.

6.    ATTORNEYS' FEES AND EXPENSES

6.1.    In addition to the consideration provided to the Releasors as set forth in Section 4 above, Sony agrees to pay Plaintiffs' reasonable attorneys' fees and expenses, in accordance with Section 6.2 of this Agreement, up to a combined total of one million six hundred thousand dollars ($1,600,000), or any lesser amount ordered by the Court.  Plaintiffs and Class Counsel agree to seek or accept no more than $1,600,000 from Sony for attorneys' fees and expenses combined, notwithstanding any greater award by the Court, and Sony agrees not to oppose an application for an award of attorneys' fees and expenses combined up to that amount. In no event shall Sony be obligated to pay any of Class Counsel's fees and expenses combined in excess of $1,600,000 regardless of any greater award by the Court.

6.2.    Sony shall have no obligation to pay any of Plaintiffs' attorneys' fees and expenses unless and until the Judgment becomes Final, as defined in Section 2.6.  Subject to Section 6.3, within ten (10) business days of the Effective Date, Sony will pay (upon request, by wire transfer) the fees and expenses provided for in Section 6.1 to Robert I. Lax & Associates, which shall be solely responsible for distributing any portion of that payment to other Class Counsel or Croft Counsel.

6.3.    Sony shall pay the sum contemplated by Section 6.2 into an interest-bearing account within ten (10) business days after the Court enters the Judgment.  If the Judgment thereafter becomes Final, the escrowed sum, plus accrued interest, shall be disbursed

480774.9                                   14

to Class Counsel in accordance with Section 6.2, and such disbursement shall satisfy Sony's obligations with respect to the payment of attorneys' fees and expenses. If the Judgment is reversed or vacated on appeal, or modified on appeal in a manner that results in the termination of the Agreement, or if the Agreement is otherwise terminated, the escrowed sum, plus accrued interest, shall be disbursed to Sony.

       7.     DISMISSAL OF THE CROFT ACTION

       7.1.    The Croft Plaintiffs will participate in, be bound by, and will not object to or opt out of the settlement set forth in this Agreement, and Croft Counsel shall take all necessary steps to cause the dismissal of the Croft Action, including without limitation those set forth in Sections 7.2 and 7.3 below.

       7.2.    Simultaneously with the execution of this Agreement, Croft Counsel will execute and deliver to counsel for Sony a Request for Dismissal and Declaration in Support Thereof, substantially in the form annexed as Exhibit F (the "Request and Declaration"), requesting dismissal of the Croft Action, with prejudice and without costs to any party. Croft Counsel will hold the Request and Declaration in escrow until the Effective Date, and will file the Request and Declaration with the appropriate court no later than seven (7) business days after the Effective Date. Croft Counsel will promptly provide counsel for Sony with a copy of the filed Request and Declaration.

       7.3.    Pending the Effective Date, Croft Counsel and counsel for Sony Electronics Inc. will jointly request of the appropriate court that the Croft Action be stayed.

       7.4.    After the Effective Date, Croft Counsel shall cooperate with counsel for Sony, and shall make such submissions to the appropriate court in addition to the stipulation

480774.9          15

described in Section 7.2 as may be necessary, to ensure that the Croft Action is dismissed with prejudice and without costs to any party.

      8.     PRELIMINARY SETTLEMENT APPROVAL ORDER

      8.1.    Promptly after execution of this Agreement, Class Counsel shall submit this Agreement to the Court and shall apply for entry of a Preliminary Settlement Approval Order, substantially in the form annexed hereto as either Exhibit A (not requiring publication of the Summary Notice) or Exhibit B (requiring publication of the Summary Notice), which among other things, shall:

      (a)    conditionally certify the Action as a class action, for settlement purposes only and subject to the Final Settlement Hearing described below, appoint the Plaintiffs as class representatives, and appoint Robert I. Lax of Robert I. Lax & Associates, Jeffrey A. Koncius of Lange & Koncius, LLP and Jon M. Herskowitz of the Herskowitz Law Firm as Class Counsel;

      (b)    preliminarily approve the settlement set forth in this Agreement;

      (c)    approve the Notice of Class Action Settlement (the "Notice") and accompanying proof of claim, substantially in the form annexed hereto as Exhibit C and order that it be disseminated as provided for in Section 9.1;

      (d)    if, and only if, the Court deems it appropriate after considering the parties' submissions on the issue as contemplated in Section 9.3 of this Agreement, approve the Summary Notice of Class Action Settlement (the "Summary Notice"), substantially in the form annexed hereto as Exhibit D and order that the Summary Notice be disseminated as provided for in Section 9.3;

      (e)    find that the distribution of the Notice and, if required, the Summary Notice as provided for in Section 9, constitutes the best notice practicable under the

circumstances and complies fully with the requirements of federal law and any other applicable law;

(f)     provide that Settlement Class members shall have the right to "opt out" of this Agreement as provided for in Section 9.5, but that this opt out right must be exercised individually and in writing, and not on a representative, derivative, class-wide, or subclass-wide basis, and that Settlement Class members who opt out shall not have standing to intervene in this proceeding or object to the proposed settlement;

(g)     provide that any Settlement Class member who does not opt out may, as provided for in Section 9.6, object to the proposed settlement, the proposed Judgment, and/or any application for attorneys' fees;

(h)     schedule the Final Settlement Hearing to be held by the Court to consider and determine (i) whether the settlement set forth in this Agreement should be approved finally as fair, reasonable and adequate, (ii) whether the proposed Judgment approving the settlement should be entered; and (iii) whether the application of Class Counsel for attorneys' fees and reimbursement of expenses should be approved;

(i)     provide that the Final Settlement Hearing may from time to time, without further notice to the Settlement Class, be continued or adjourned by order of the Court; and

(j)     provide that, pending final determination of whether the settlement set forth in this Agreement is approved, no member of the Settlement Class, whether directly, representatively, derivatively, or in any other capacity, shall commence, prosecute, or participate in (actively or inactively) any action or proceeding in any court or tribunal asserting any of the Released Claims against any of the Released Parties.

480774.9

9.      NOTICE OF SETTLEMENT, OPT-OUTS AND OBJECTIONS

9.1.    Not later than 60 days before the Final Settlement Hearing, Sony will mail or e-mail the Notice and accompanying proof of claim, as approved by the Court, to the members of the Settlement Class.  The Notice will be sent by direct mail or e-mail (at Sony's option) to all members of the Settlement Class for whom Sony has obtained contact information from its registered database or from Class Counsel.

9.2.    Sony will build and host a website on the World Wide Web to provide information on the Agreement, information on the warranty extension, and the claims process (the "Settlement Website").  The Settlement Website shall be operational from no later than seven business days after the date of entry of the Preliminary Settlement Approval Order through June 30, 2009.  Sony shall post a link to the Settlement Website on the home page of its www.sonystyle.com website for two weeks after the Settlement Website becomes operational, such two weeks to end not later than 60 days before the Final Settlement Hearing.  Sony also will maintain a link to the Settlement Website on the model home pages of the Televisions within the www.sony.com/support website for as long as the Settlement Website is operational.  Not later than seven business days after the date of entry of the Preliminary Settlement Approval Order, Sony will post the Notice and accompanying proof of claim on the Settlement Website.

9.3.    The parties disagree as to whether notice by newspaper publication is necessary.  Plaintiffs maintain that it is appropriate that Summary Notice regarding the Agreement, substantially in the form attached as Exhibit D, be published not later than 60 days before the Final Settlement Hearing twice, one week apart, in 1/8 page format in USA Today.  Sony maintains that such Summary Notice is unnecessary.  The parties agree to submit this issue

to the Court for determination, which shall be binding on the parties, and not subject to appeal. Sony shall bear the expense of such publication of the Summary Notice, if any.

        9.4.    Sony shall send appropriate notices to governmental agencies as required by the Class Action Fairness Act.

        9.5.    Settlement Class members shall have the right to be excluded from, or "opt out" of, the Settlement Class and this Agreement by sending a written request for exclusion by first-class mail to Robert I. Lax, Robert I. Lax & Associates, 380 Lexington Avenue, 31st Floor, New York, New York 10168. The written request for exclusion must be postmarked not later than 21 days before the Final Settlement Hearing and must set forth: (a) an identification of the action, *e.g.*, *In re SXRD Rear Projection Television Class Action Litigation*; (b) the Settlement Class member's full name, address, and the serial number of his or her Television; and (c) a statement that she or he wishes to be excluded from the Settlement Class.

        9.6.    Any Settlement Class member who does not opt out may object to the proposed settlement or fee request by filing with the Court and mailing to Class Counsel and to counsel for Sony, by first-class mail postmarked not later than 21 days before the Final Settlement Hearing, a written statement of objection which must set forth: (a) an identification of the action, *e.g.*, *In re SXRD Rear Projection Television Class Action Litigation*; (b) the Settlement Class member's full name, address, and the serial number of his or her Television (or, if the Settlement Class member is no longer in possession of the Television, a receipt showing proof of purchase and the model number of the Television); and (c) the specific reasons for the objection, and any evidence or legal authority the Settlement Class member believes supports the objection. Any Settlement Class member who has filed and served a written statement of objection may also enter an appearance at the Final Settlement Hearing either personally or

480774.9

19

through counsel of their choice, with the expense of such counsel to be borne by the objecting

Settlement Class member.  Settlement Class members and their counsel who intend to appear at

the Final Settlement Hearing must file with the Court and serve upon Class Counsel and upon

counsel for Sony a written notice of appearance, which must be postmarked not later than 21

days before the Final Settlement Hearing.

        9.7.    Not later than 10 days before the Final Settlement Hearing, the parties

shall file with the Court their briefs and affidavits in support of the proposed settlement, and

Plaintiffs' request for attorneys' fees, and in response to any objections.

        10.    ADMINISTRATION OF SETTLEMENT

        10.1.    Sony will bear the cost of settlement administration.  Sony will use its

internal resources and/or existing third-party fulfillment vendors to administer the claims and

fulfillment processes set forth in this Agreement.  The settlement administrator will provide

Class Counsel with such information concerning notice, administration and implementation of

the settlement as they may reasonably request.

        10.2.    At least ten (10) days prior to the Final Settlement Hearing, Sony or the

settlement administrator shall serve on Class Counsel and file with the Court an affidavit or

certification of compliance with the mailing, publication (if necessary) and Internet posting

requirements set forth in Section 9, and Class Counsel shall serve on Sony's counsel and file

with the Court an affidavit or certification reporting on the receipt and processing of requests for

exclusion from the Settlement Class.

        11.    CANCELLATION OR TERMINATION

        11.1.    Sony shall have the right to withdraw from this Agreement at any time

before the Effective Date if: (i) any court issues an injunction against Sony or its attorneys from

480774.9

proceeding with the Agreement; (ii) the Court grants a fee application that would cause the total award for attorneys' fees and costs to exceed $1,600,000.00; or (iii) more than 8750 members of the Settlement Class have elected to "opt-out" of the Settlement Class and exclude themselves from this Agreement. If any of these conditions occur, then Sony may, at its option, terminate this Agreement in its entirety by giving written notice by hand delivery or facsimile to the Court and Class Counsel that the Agreement is to be terminated.

11.2.   In the event that this Agreement is not approved by the Court substantially in the form submitted (or in a modified form mutually acceptable to the parties), or this Agreement is terminated or fails to become effective or Final in accordance with its terms, Plaintiffs and Sony shall be restored to their respective positions in the Action as of the date hereof. In such event, the terms and provisions of this Agreement shall have no further force and effect and shall not be used in this Action or in any other proceeding or for any purpose, and the parties will jointly make an application requesting that any Judgment entered by the Court in accordance with the terms of the Agreement shall be treated as vacated, nunc pro tunc.

11.3.   By entering into this Agreement, Sony is not consenting or agreeing to certification of the Settlement Class for any purpose other than to effectuate the settlement of the Action. The parties agree that if this Agreement is not approved by the Court substantially in the form submitted (or in a modified form mutually acceptable to the parties), including, without limitation, if the Court grants a fee application that would cause the total award for attorneys' fees and costs to exceed $1,600,000.00, or if this Agreement is terminated or fails to become effective or Final in accordance with its terms, the Action shall proceed as if no party had ever agreed to such settlement, without prejudice to the right of any party to take any and all action of any kind in the Action.

480774.9                                    21

12.    JUDGMENT AND ORDER OF DISMISSAL

The undersigned counsel for Plaintiffs and Sony shall submit to the Court a proposed Judgment and Order of Dismissal, substantially in the form annexed hereto as Exhibit G, which shall, among other things:

(a)    find that the prerequisites set forth in federal law for the maintenance of the Action as a class action for settlement purposes have been met, and that the preliminary order certifying the Action as a class action shall become final;

(b)    find that the Notice (and, if required, the Summary Notice), complies with the requirements of Federal Rule of Civil Procedure 23;

(c)    approve the settlement as set forth in this Agreement as fair, reasonable and adequate in all respects pursuant to federal law and all other applicable laws, and order the parties to consummate the settlement in accordance with the terms of this Agreement;

(d)    decree that neither the Judgment nor this Agreement shall constitute an admission by Sony of any liability or wrongdoing whatsoever;

(e)    dismiss this Action with prejudice and without costs, except as provided in Sections 4.7 and 6;

(f)    decree that all Releasors shall, as of the entry of the Judgment, conclusively be deemed to have released and forever discharged the Released Parties from all Released Claims, and forever enjoin and bar all Releasors, whether acting directly, representatively, derivatively or in any other capacity, from commencing, prosecuting, or participating in (actively or inactively) any action or proceeding in any court or tribunal asserting any of the Released Claims against any of the Released Parties;

(g)     award reasonable attorneys' fees and expenses to Class Counsel, as determined by the Court, in accordance with Section 6; and

(h)     without affecting the finality of the Judgment, reserve exclusive and continuing jurisdiction over this Action, Plaintiffs, Settlement Class members, Sony, and their respective counsel for the purpose of, among other things, supervising the implementation, enforcement, construction and interpretation of this Agreement and the Judgment.

13.     CONDITIONS OF SETTLEMENT

The effectiveness of this Settlement shall be conditioned on the occurrence of all of the following events:

(a)     all persons named at the end of this Agreement shall have executed it by and through their respective counsel;

(b)     the Court shall have entered the Judgment, substantially in the form annexed hereto as Exhibit G (or in a modified form mutually acceptable to the parties), and shall not have granted a fee application that would cause the total award for attorneys' fees and costs to exceed $1,600,000.00; and

(c)     the Judgment shall have become "Final" as defined in Section 2.6 of this Agreement.

14.     AUTHORITY TO EXECUTE

Each counsel or other person executing this Agreement on behalf of any party hereto warrants that such person has the authority to do so.

480774.9                                      23

15.   GOVERNING LAW

This Agreement shall be subject to, governed by, interpreted, and enforced in accordance with the internal laws (without regard to conflicts of laws provisions) of the State of New York.

16.   EXECUTION OF COUNTERPARTS

This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original but all of which together shall constitute one and the same instrument.  Executed counterparts shall be deemed valid if delivered by mail, courier, electronically, or by facsimile.

17.   BINDING EFFECT OF SETTLEMENT

This Agreement shall be binding upon and inure to the benefit of the settling parties (including all Settlement Class members who do not opt out of the settlement described in this Agreement), their respective agents, attorneys, insurers, employees, representatives, officers, directors, partners, divisions, subsidiaries, affiliates, associates, assigns, heirs, successors in interest and shareholders and any trustee or other officer appointed in the event of a bankruptcy.

18.   ENTIRE AGREEMENT

This Agreement and any exhibits attached to it constitute the entire agreement between the parties hereto and supersede any prior agreements or understandings whether oral, written, express or implied between the parties with respect to the settlement.  This Agreement shall not be amended, altered, or modified except by an instrument in writing signed by all parties, or their successors in interest.

480774.9                                        24

19.    NO ADMISSIONS

19.1.    Entering into or carrying out this Agreement, and any negotiations or proceedings related thereto, shall not be construed or deemed to be evidence of an admission or concession by any party with respect to the merits of its position; and specifically shall not give rise to any presumption or inference of an admission or concession by Sony of any fault, wrongdoing or liability whatsoever.  Entering into or carrying out this Agreement, and the negotiations or other proceedings related thereto, shall not be offered or received in evidence in this or any civil, criminal, administrative or other action or proceeding, before any tribunal, for any purpose whatsoever other than to effectuate the provisions of this Agreement, to defend against the assertion of the Released Claims, or as otherwise required by law.

19.2.    Except as otherwise expressly provided herein, neither this Agreement, nor any document referred to herein, nor any action taken to carry out this Agreement, shall be construed as giving rise to any waiver, or presumption or inference of admission or concession, by Sony, Plaintiffs or the Settlement Class with respect to any rights or privileges any party may have under or with respect to any contracts or agreements between Sony and its customers, including but not limited to any rights or privileges with respect to any provision concerning dispute resolution.

20.    PUBLICITY

The parties will keep the existence and terms of this settlement and this Agreement confidential until they submit it to the Court for preliminary approval.  Plaintiffs and Class Counsel will not discuss the Agreement or the settlement with the media and will not disparage Sony or describe the settlement or this Agreement as a recall.  Nothing herein shall prevent Class Counsel from observing their duty of full candor to the Court, or from advising

480774.9                                        25

their clients and Settlement Class members regarding their rights and options under this
Agreement.

21.   MISCELLANEOUS PROVISIONS

21.1.   The parties acknowledge that violation of this Agreement or any of the
releases will cause immediate irreparable injury for which no remedy at law is adequate.  If
either party fails to perform its obligations hereunder, the other party shall be entitled to specific
performance, including through mandatory preliminary and final injunctive relief, in addition to
such other remedies as are provided herein or as may otherwise be available by law.

21.2.   Except as otherwise provided herein, all notices, requests, demands and
other communications required or permitted to be given pursuant to this Agreement shall be in
writing and shall be delivered personally, by facsimile, by e-mail, or by overnight mail, to the
undersigned counsel for the parties at their respective addresses.

21.3.   The waiver by one party of any breach of this Agreement by another party
shall not be deemed a waiver of any other prior or subsequent breach of this Agreement.

21.4.   This Agreement shall be construed and interpreted to effectuate the intent
of the parties, which is to provide, through this Agreement, for a complete resolution of the
Released Claims.

21.5.   The section titles and captions contained in this Agreement are inserted
only as a matter of convenience and for reference, and shall in no way be construed to define,
limit, or extend the scope of this Agreement or the intent of any of its provisions.  This
Agreement shall be construed without regard to its drafter, and shall be construed as though the
parties participated equally in the drafting of this Agreement.

480774.9                              26

21.6.   No later than sixty (60) days after the Effective Date of this Agreement, Plaintiffs, Class Counsel and Croft Counsel shall, at their option, return to counsel for Sony or destroy all documents (including electronic documents) produced to them in the Action or in the Croft Action, and any copies of such documents, whether in their possession or in the possession of any expert, consultant, or other Person retained by Plaintiffs or Croft Plaintiffs for purposes of litigating the Action or the Croft Action.  If Plaintiffs, Class Counsel or Croft Counsel elect to destroy, rather than return, such documents, then such Plaintiffs, Class Counsel or Croft Counsel must confirm such destruction in writing to counsel for Sony within the time period set forth above.

21.7.   The parties and their counsel shall use their best efforts and cooperate in obtaining final court approval and implementation of this Agreement.  Such cooperation shall include affirmatively expressing support for this Agreement, at the trial level or appellate level, and representing that as of the date of this Agreement the parties and their counsel have independently concluded that the Agreement is fair and reasonable.

21.8.   If the date for performance of any action required by or under this Agreement to be performed on a particular day or within a specified period of time falls on a Saturday, Sunday or Court holiday, that act may be performed on the next business day with the same effect as if it had been performed on the day or within the time period specified by or under this Agreement.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the date first above written.

SONY ELECTRONICS INC., SONY CORPORATION and SONY CORPORATION OF AMERICA, by their attorneys

Eric Seiler
Mary E. Mulligan
Hallie B. Levin
FRIEDMAN KAPLAN SEILER
& ADELMAN LLP
1633 Broadway, 46th Floor
New York, New York 10019

SONY ELECTRONICS INC. as defendant in the CROFT ACTION, by its attorneys

Nancy Sher Cohen
Ronald A. Valenzuela
HELLER EHRMAN LLP
333 South Hope Street, 30th Floor
Los Angeles, CA 90071

PLAINTIFFS AND CROFT PLAINTIFFS, by their attorneys:

Robert I. Lax
ROBERT I. LAX & ASSOCIATES
380 Lexington Avenue, 31st Floor
New York, New York 10168

480774.9

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of

the date first above written.

SONY ELECTRONICS INC., SONY
CORPORATION and SONY CORPORATION OF
AMERICA, by their attorneys

_____

Eric Seiler
Mary E. Mulligan
Hallie B. Levin
FRIEDMAN KAPLAN SEILER
& ADELMAN LLP
1633 Broadway, 46th Floor
New York, New York 10019

SONY ELECTRONICS INC., as defendant in the
CROFT ACTION, by its attorneys

_____

Nancy Sher Cohen
Ronald A. Valenzuela
HELLER EHRMAN LLP
333 South Hope Street, 30th Floor
Los Angeles, CA 90071

PLAINTIFFS AND CROFT PLAINTIFFS, by their
attorneys:

_____

Robert I. Lax
ROBERT I. LAX & ASSOCIATES
380 Lexington Avenue, 31st Floor
New York, New York 10168

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of

the date first above written.

SONY ELECTRONICS INC., SONY
CORPORATION and SONY CORPORATION OF
AMERICA, by their attorneys

_____

Eric Seiler
Mary E. Mulligan
Hallie B. Levin
FRIEDMAN KAPLAN SEILER
& ADELMAN LLP
1633 Broadway, 46th Floor
New York, New York 10019

SONY ELECTRONICS INC. as defendant in the
CROFT ACTION, by its attorneys

_____

Nancy Sher Cohen
Ronald A. Valenzuela
HELLER EHRMAN LLP
333 South Hope Street, 30th Floor
Los Angeles, CA 90071

PLAINTIFFS AND CROFT PLAINTIFFS, by their
attorneys:

_____

Robert I. Lax
ROBERT I. LAX & ASSOCIATES
380 Lexington Avenue, 31st Floor
New York, New York 10168

Joseph M. Lange
Jeffrey A. Koncius
LANGE & KONCIUS, LLP
222 North Sepulveda Blvd., Suite 1560
El Segundo, California 90245


Jon Herskowitz
THE HERSKOWITZ LAW FIRM
9100 S. Dadeland Boulevard, Suite 1000
Miami, Florida 33156


Harold J. Tomin
LAW OFFICES OF HAROLD J. TOMIN
P.O. Box 48800
Los Angeles, California 90048

_____

Joseph J.M. Lange
Jeffrey A. Koncius
LANGE & KONCIUS, LLP
222 North Sepulveda Blvd., Suite 1560
El Segundo, California 90245

_____

Jon Herskowitz
THE HERSKOWITZ LAW FIRM
9100 S. Dadeland Boulevard, Suite 1000
Miami, Florida 33156


_____

Harold J. Tomin
LAW OFFICES OF HAROLD J. TOMIN
P.O. Box 48800
Los Angeles, California 90048

29

Joseph J.M. Lange
Jeffrey A. Koncius
LANGE & KONCIUS, LLP
222 North Sepulveda Blvd., Suite 1560
El Segundo, California 90245


Jon Herskowitz
THE HERSKOWITZ LAW FIRM
9100 S. Dadeland Boulevard, Suite 1000
Miami, Florida 33156


Harold J. Tomin
LAW OFFICES OF HAROLD J. TOMIN
P.O. Box 48800
Los Angeles, California 90048

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                         : 06 Civ. 5173 (RPP)
                         :
IN RE SONY SXRD REAR PROJECTION  : ECF CASE
TELEVISION CLASS ACTION LITIGATION :
                         : **ORDER PRELIMINARILY**
This Document Relates to:         : **APPROVING SETTLEMENT**
                         : **AND PROVIDING**
ALL ACTIONS                 : **FOR NOTICE**
                         :
                         :
------------------------------------------------------------x

          This matter having come before the Honorable Robert P. Patterson on October __,

2007; and it appearing to the Court that this action (the "Action") has been filed as a putative

class action; and it further appearing that the parties have made application for an order

approving the settlement of this Action in accordance with a Class Action Settlement Agreement

dated October 16, 2007 (the "Agreement") which, together with the exhibits annexed thereto,

sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of

the Action with prejudice upon the terms and conditions set forth therein; and the Court having

read and considered the Agreement and exhibits annexed thereto; and good cause being shown

for the making and granting of this Order.

          It is on this _____ day of _____ , 2007, HEREBY ORDERED as

follows:

          1.     All capitalized terms not otherwise defined herein shall have the meanings

set forth in the Agreement (attached hereto as Exhibit 1).

          2.     Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies, for

purposes of effectuating this settlement only, a Settlement Class of all end user consumers in the

483552.4

United States who purchased or received as gifts Sony SXRD high definition televisions: KDS-R50XBR1 and KDS-R60XBR1, excluding (a) Sony, its affiliates, and their employees and immediate family members; (b) Persons who purchased or acquired a Television for commercial use or resale; (c) Persons who are claims aggregators; and (d) Persons who claim to be an assignee of rights associated with the Televisions.

      3.      Plaintiffs Michael Cook, Paul Krasnoff, Rami Masri, Clinton Carr, Paul Scharlau, Darrell Lawson, Richard Lisa, Debra Jovanovic, Blaine Eric Walker, Syboll Munger, Jim Porubyanski, Bob Hicks, Gary Weldon, Jimmy Cline, Ronald Rossett, J. Eisenbraun, James Wingate and Mark Beeman are hereby appointed class representatives.  Robert I. Lax of Robert I. Lax & Associates, Jeffrey A. Koncius of Lange & Koncius, LLP and  Jon M. Herskowitz of the Herskowitz Law Firm are hereby appointed Class Counsel.

      4.      With respect to the Settlement Class, this Court preliminarily finds and concludes that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the class representatives are typical of the claims of the Settlement Class; (d) the class representatives and their counsel have fairly and adequately represented and protected the interests of all of the Settlement Class members; and (e) a class action is superior to other methods for the fair and efficient adjudication of the matter.

      5.      The Court does hereby preliminarily approve the Agreement and the settlement set forth therein as fair, reasonable, adequate and in the interests of the Settlement Class as a whole, subject to further consideration at the Settlement Hearing described below.

6.     A hearing (the "Settlement Hearing") shall be held before this Court on

_____ __, 2008 [a date approximately four months after the date on which this preliminary

approval order is issued] at ____ a.m. in Courtroom 24A of the Daniel Patrick Moynihan United

States Courthouse, 500 Pearl Street, New York, New York, to determine whether the proposed

settlement of the Action on the terms and conditions provided for in the Agreement is fair,

reasonable, and adequate to the Settlement Class and should be approved by the Court; whether a

Judgment as provided in Section 12 of the Agreement should be entered herein; and to determine

the amount of counsel fees and expenses to be awarded to Class Counsel, which fees and costs,

not to exceed $1,600,000, shall be paid by Sony.  The Court may adjourn the Settlement Hearing

without further notice to members of the Settlement Class.

7.     The Court approves as to form and content the Notice of Class Action

Settlement (the "Notice") annexed as Exhibit C to the Agreement; and finds that the mailing and

Internet posting of the Notice substantially in the manner and form set forth in Sections 7(a) and

(b) of this Order meet the requirements of Fed. R. Civ. P. 23 and of due process of law, is the

best notice practicable under the circumstances, and shall constitute due and sufficient notice to

all persons entitled thereto.

(a)     Not later than _____ 2007 [a date not earlier than 60

days before the Settlement Hearing], Sony, at its sole expense, shall cause a copy of the Notice to

be sent by direct mail or e-mail to all members of the Settlement Class for whom Sony has

obtained contact information from its registered database or from Class Counsel.

(b)     Not later than seven business days after the date of entry of this

Preliminary Approval Order, the Notice and accompanying proof of claim form shall be posted

on the Settlement Website by Sony, at its sole expense.

483552.4                                         3

8.      Any potential member of the Settlement Class may request exclusion from the Settlement Class.  Such request for exclusion must be postmarked on or before

_____, 2007 [the date 21 days before the Settlement Hearing], and otherwise comply with the requirements set forth in the Notice.  All members of the Settlement Class who do not request exclusion therefrom in the manner provided herein may, but need not, enter in appearance in this Action pro se or through counsel of their own choice, in the manner provided herein.  If they do not enter an appearance in the manner provided herein, they will be represented by Class Counsel.

9.      (a) Any member of the Settlement Class who does not request exclusion may file papers supporting or objecting to the proposed settlement by filing with the Court and mailing to Class Counsel and to counsel for Sony, by first-class mail postmarked not later than 21 days before the Settlement Hearing, a written statement of support or objection which must set forth:  (i) an identification of the action, *e.g.*, *In re SXRD Rear Projection Television Class Action Litigation*; (ii) the Settlement Class member's full name, address, and the serial number of his or her Television (or, if the Settlement Class member is no longer in possession of the Television, a receipt showing proof of purchase and the model number of the Television); and (iii) the specific reasons for the objection, and any evidence or legal authority the Settlement Class member believes supports the objection.  Any member of the Settlement Class who does not make his or her objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Agreement unless otherwise ordered by the Court.

(b)   Any member of the Settlement Class who files a written statement of support or objection to the settlement in accordance with Section 11(a) hereof may appear at the Settlement Hearing, at his or her own expense, either personally or through counsel, in support of or opposition to the settlement; provided however, that no Settlement Class member shall be heard unless he or she files with the Clerk of the Court, and mails to Class Counsel and Counsel for Sony, a notice of appearance together with any other written materials to be presented to the Court.  Notices of appearance and written materials to be presented to the Court must be postmarked no later than _____, 2007 [the date 21 days before the Settlement Hearing].  Any Settlement Class member who does not enter an appearance will be represented by Class Counsel.

10.     Until the Settlement Hearing, neither Plaintiffs nor any member of the Settlement Class, whether directly, representatively, derivatively, or in any other capacity, shall commence, prosecute, or participate in (actively or inactively) any action or proceeding in any court or tribunal asserting any of the Released Claims against any of the Released Parties.

11.     Except as provided in this Agreement, the Action is stayed pending the Court's decision on the fairness of the proposed settlement.

12.     All papers, including memoranda to be filed by the parties in support of the settlement, Class Counsel's application for attorneys' fees and reimbursement of expenses, shall be served and filed on or before _____ , 2008 [the date 10 days before the Settlement Hearing].

13.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications concerning the proposed settlement.  The Court may approve the

483552.4                                              5

settlement, with such modifications as may be agreed to by the parties, if appropriate, without further notice to the Settlement Class.

_____

United States District Judge

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x
                             : 06 Civ. 5173 (RPP)
                             :
IN RE SONY SXRD REAR PROJECTION  : ECF CASE
TELEVISION CLASS ACTION LITIGATION :
                             : **ORDER PRELIMINARILY**
This Document Relates to:            : **APPROVING SETTLEMENT**
                             : **AND PROVIDING**
ALL ACTIONS                       : **FOR NOTICE, INCLUDING**
                             : **PUBLICATION NOTICE**
                             :
----------------------------------------------------------x

This matter having come before the Honorable Robert P. Patterson on October __,

2007; and it appearing to the Court that this action (the "Action") has been filed as a putative

class action; and it further appearing that the parties have made application for an order

approving the settlement of this Action in accordance with a Class Action Settlement Agreement

dated October 16, 2007 (the "Agreement") which, together with the exhibits annexed thereto,

sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of

the Action with prejudice upon the terms and conditions set forth therein; and the Court having

read and considered the Agreement and exhibits annexed thereto; and good cause being shown

for the making and granting of this Order.

It is on this _____ day of _____ , 2007, HEREBY ORDERED as

follows:

1.     All capitalized terms not otherwise defined herein shall have the meanings

set forth in the Agreement (attached hereto as Exhibit 1).

2.     Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies, for

purposes of effectuating this settlement only, a Settlement Class of all end user consumers in the

482374.4

United States who purchased or received as gifts Sony SXRD high definition television models KDS-R50XBR1 and KDS-R60XBR1, excluding (a) Sony, its affiliates, and their employees and immediate family members; (b) Persons who purchased or acquired a Television for commercial use or resale; (c) Persons who are claims aggregators; and (d) Persons who claim to be an assignee of rights associated with the Televisions.

      3.      Plaintiffs Michael Cook, Paul Krasnoff, Rami Masri, Clinton Carr, Paul Scharlau, Darrell Lawson, Richard Lisa, Debra Jovanovic, Blaine Eric Walker, Syboll Munger, Jim Porubyanski, Bob Hicks, Gary Weldon, Jimmy Cline, Ronald Rossett, J. Eisenbraun, James Wingate and Mark Beeman are hereby appointed class representatives. Robert I. Lax of Robert I. Lax & Associates, Jeffrey A. Koncius of Lange & Koncius, LLP and Jon M. Herskowitz of the Herskowitz Law Firm are hereby appointed Class Counsel.

      4.      With respect to the Settlement Class, this Court preliminarily finds and concludes that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the class representatives are typical of the claims of the Settlement Class; (d) the class representatives and their counsel have fairly and adequately represented and protected the interests of all of the Settlement Class members; and (e) a class action is superior to other methods for the fair and efficient adjudication of the matter.

      5.      The Court does hereby preliminarily approve the Agreement and the settlement set forth therein as fair, reasonable, adequate and in the interests of the Settlement Class as a whole, subject to further consideration at the Settlement Hearing described below.

       6.     A hearing (the "Settlement Hearing") shall be held before this Court on

_____ \_\_, 2008 [a date approximately four months after the date on which this preliminary

approval order is issued] at \_\_\_\_ a.m. in Courtroom 24A of the Daniel Patrick Moynihan United

States Courthouse, 500 Pearl Street, New York, New York, to determine whether the proposed

settlement of the Action on the terms and conditions provided for in the Agreement is fair,

reasonable, and adequate to the Settlement Class and should be approved by the Court; whether a

Judgment as provided in Section 12 of the Agreement should be entered herein; and to determine

the amount of counsel fees and expenses to be awarded to Class Counsel, which fees and costs,

not to exceed $1,600,000, shall be paid by Sony. The Court may adjourn the Settlement Hearing

without further notice to members of the Settlement Class.

       7.     The Court approves as to form and content the Notice of Class Action

Settlement (the "Notice") annexed as Exhibit C to the Agreement; and the Summary Notice of

Class Action Settlement (the "Summary Notice") annexed as Exhibit D to the Agreement; and

finds that the mailing, publication and Internet posting of the Notice and Summary Notice

substantially in the manner and form set forth in Sections 7(a) through (c) of this Order meet the

requirements of Fed. R. Civ. P. 23 and of due process of law, is the best notice practicable under

the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

       (a)     Not later than _____ 2007 [a date not earlier than 60

days before the Settlement Hearing], Sony, at its sole expense, shall cause a copy of the Notice to

be sent by direct mail or e-mail to all members of the Settlement Class for whom Sony has

obtained contact information from its registered database or from Class Counsel.

482374.4                      3

(b)     Not later than _____, 2007 [a date not earlier than 60 days before the Settlement Hearing], Sony, at its sole expense, shall cause a copy of the Summary Notice to be published on two separate occasions, one week apart, in *USA Today*.

(c)     Not later than seven business days after the date of entry of this Preliminary Approval Order, the Notice and accompanying proof of claim form shall be posted on the Settlement Website by Sony, at its sole expense.

8.      Any potential member of the Settlement Class may request exclusion from the Settlement Class.  Such request for exclusion must be postmarked on or before _____, 2007 [the date 21 days before the Settlement Hearing], and otherwise comply with the requirements set forth in the Notice.  All members of the Settlement Class who do not request exclusion therefrom in the manner provided herein may, but need not, enter in appearance in this Action pro se or through counsel of their own choice, in the manner provided herein.  If they do not enter an appearance in the manner provided herein, they will be represented by Class Counsel.

9.      (a)  Any member of the Settlement Class who does not request exclusion may file papers supporting or objecting to the proposed settlement by filing with the Court and mailing to Class Counsel and to counsel for Sony, by first-class mail postmarked not later than 21 days before the Settlement Hearing, a written statement of support or objection which must set forth:  (i) an identification of the action, *e.g.*, *In re SXRD Rear Projection Television Class Action Litigation*; (ii) the Settlement Class member's full name, address, and the serial number of his or her Television (or, if the Settlement Class member is no longer in possession of the Television, a receipt showing proof of purchase and the model number of the Television); and (iii) the specific reasons for the objection, and any evidence or legal authority the Settlement

4

Class member believes supports the objection.  Any member of the Settlement Class who does not make his or her objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Agreement unless otherwise ordered by the Court.

(b)   Any member of the Settlement Class who files a written statement of support or objection to the settlement in accordance with Section 11(a) hereof may appear at the Settlement Hearing, at his or her own expense, either personally or through counsel, in support of or opposition to the settlement; provided however, that no Settlement Class member shall be heard unless he or she files with the Clerk of the Court, and mails to Class Counsel and Counsel for Sony, a notice of appearance together with any other written materials to be presented to the Court. Notices of appearance and written materials to be presented to the Court must be postmarked no later than _____, 2007 [the date 21 days before the Settlement Hearing].  Any Settlement Class member who does not enter an appearance will be represented by Class Counsel.

10.    Until the Settlement Hearing, neither Plaintiffs nor any member of the Settlement Class, whether directly, representatively, derivatively, or in any other capacity, shall commence, prosecute, or participate in (actively or inactively) any action or proceeding in any court or tribunal asserting any of the Released Claims against any of the Released Parties.

11.    Except as provided in this Agreement, the Action is stayed pending the Court's decision on the fairness of the proposed settlement.

12.    All papers, including memoranda to be filed by the parties in support of the settlement, Class Counsel's application for attorneys' fees and reimbursement of expenses,

482374.4                                                          5

shall be served and filed on or before _____ , 2008 [the date 10 days before the Settlement Hearing].

13.     The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications concerning the proposed settlement.  The Court may approve the settlement, with such modifications as may be agreed to by the parties, if appropriate, without further notice to the Settlement Class.

_____
United States District Judge

**EXHIBIT C**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                     :
                                                     :
IN RE SONY SXRD REAR PROJECTION       : 06 Civ. 5173 (RPP)
TELEVISION CLASS ACTION LITIGATION :
                                                     : ECF CASE
This Document Relates to:                     :
                                                     :
ALL ACTIONS                                      :
                                                     :
-----------------------------------------------------------x

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

**YOU ARE NOT BEING SUED.  THIS IS NOT A LAWSUIT AGAINST YOU.**

**YOU MAY BE ENTITLED TO RECEIVE THE BENEFITS OF A CLASS ACTION
SETTLEMENT IF YOU PURCHASED OR RECEIVED AS A GIFT A SONY SXRD
REAR PROJECTION HIGH DEFINITION TELEVISION MODEL NUMBER
KDS-R50XBR1 OR KDS-R60XBR1 (THE "TELEVISIONS")**

As described in detail below, the Settlement of this class action Lawsuit provides for Sony to
offer the following benefits:

(1)    an extension of the limited warranty to provide in home service or replacement of
        the optical block in your Television until June 30, 2009, and special benefits in
        fulfilling this warranty extension;

(2)    the refund of expenses incurred to replace the optical block in your Television;

(3)    the refund of money paid after July 15, 2006 for an extended service plan for your
        Television from Sony or its extended service plan provider, Service Net
        Solutions, and cancellation of that extended service plan, if you so choose;

(4)    the refund of money paid to Sony for the exchange of your Television for an
        XBR2, A2000, or A2020 SXRD model television, if you required more than one
        repair of the optical block in your Television.

**Please read this Notice carefully and in its entirety.
Your rights may be affected by the Settlement of this Lawsuit.**

500891.5

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING** | You will be included in the Settlement and will receive the extended warranty benefit provided by the Settlement.  To obtain additional Settlement benefits, you must submit certain forms and documents described in this Notice. |
| **SUBMIT A CLAIM FORM** | This is the only way to obtain a refund of any expenses you incurred to replace the optical block in your Television or to purchase an extended service plan for your Television from Sony or its extended service plan provider, Service Net Solutions.  The deadlines and procedures for the submission of these forms are described in this Notice. |
| **EXCLUDE YOURSELF** | You will not receive the full benefits provided by this Settlement.  This is the only option that allows you to be part of any other lawsuit against Sony about the facts and legal claims in this case.  Requests for exclusion must be postmarked on or before _____. |
| **BE HEARD OR OBJECT** | Write to the Court about why you like or don't like the Settlement.  Statements in support of or objection to the Settlement must be postmarked on or before _____. |
| **GO TO A HEARING** | Attend a hearing before the Court about the fairness of the Settlement, currently scheduled to occur on _____. |

These rights and options – and the deadlines to exercise them – are explained in this Notice.

The Court in charge of this case still has to decide whether to approve the Settlement.  The full benefits of the Settlement will not be provided until the Court approves the Settlement and the Settlement becomes final according to its terms.

## BASIC INFORMATION

**1.     Why Did I Receive this Notice?**  A class action lawsuit (the "Lawsuit") was filed against Sony Electronics Inc., Sony Corporation and Sony Corporation of America (collectively, "Sony") concerning an alleged defect in the optical block of the SXRD rear projection high definition television model numbers KDS-R50XBR1 and KDS-R60XBR1 (the "Televisions") and alleged discolorations in the Televisions' picture display.  You received this Notice because you have been identified from Sony's records as a person who may have purchased a Television or received a Television as a gift.  The Court where this Lawsuit is pending directed that you be sent this Notice because you have a right to know about the proposed Settlement of the Lawsuit, and about your options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement and the Settlement becomes final, Sony will provide all of the benefits

described below to persons in the Class to settle the claims in the Lawsuit. This Notice explains the Lawsuit, the Settlement and your legal rights. The Court in charge of the case is the United States District Court for the Southern District of New York, and the case is known as: *In re Sony SXRD Rear Projection Television Class Action Litigation*, Case No. 06 Civ. 5173 (RPP).

**2.     What Is This Lawsuit About?**  The Complaint in the Lawsuit asserts that the Televisions contain a characteristic, inherent, and latent defect in a component known as the optical block that causes green blobs, yellow stains, green haze, yellow lines and other discolorations to be displayed on the screens, and that Sony's attempts to fix the alleged defect have resulted in a softer and washed out picture, lack of color uniformity, poorer rendition of dark colors, "blotchy" rendition of the color black, problems with "grayscale," and convergence problems. Sony denies any wrongdoing in connection with the claims in the Lawsuit and the Court has not made any ruling on the validity of those claims.

**3.     Why is This a Class Action and Why Is It Being Settled?**  In a class action, one or more people, called Class Representatives, sue on behalf of people who have similar claims. All of these people are part of the Class (also called Class Members). In a class action, one court resolves the issues raised in a single Lawsuit for all Class Members, except for those who exclude themselves from the Class. The Court has not decided in favor of either side in this case, and Sony has not agreed or admitted that it has done anything wrong. Instead, both sides have negotiated and agreed to the Settlement. That way, they avoid the cost and risk of going to trial and the people affected will get compensation. The attorneys for the Class have extensively investigated and researched the issues in the Lawsuit, and together with the Class Representatives think the Settlement is best for all Class Members.

**4.     How Do I Know if I Am Part of the Class?**  For purposes of the Settlement only, the Court certified a Class of "all end user consumers in the United States who purchased or received as a gift the Televisions" (described above). The Class excludes: (a) Sony, its affiliates, and their employees and immediate family members; (b) persons or entities who purchased or acquired a Television for commercial use or resale; (c) persons or entities who are claims aggregators; (d) persons or entities who claim to be an assignee of rights associated with the Televisions; and (e) persons or entities who exclude themselves from the Settlement as described below.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

**5.     What Does the Settlement Provide and How Do I Get It?**  The full terms of the Settlement are on file with the Court and available for you to review at www._____.com. This is a summary of what Sony will provide to you, and what you need to do to get it, as a result of the Settlement.

     A.     <u>Warranty Extension</u>. Sony will extend its manufacturer's limited warranty on the optical block of the Televisions until June 30, 2009 with in-home service (referred to in this Notice as the "Warranty Extension"). All other terms of Sony's limited warranty will continue to apply. You do not need to do anything to get this Warranty Extension.

**For More Information:**
**www.____.com**

B.      Warranty Fulfillment Benefits.  After the Settlement becomes final and until the Warranty Extension is over, Sony will maintain a dedicated information webpage located at the Televisions' model home pages.  Sony will also maintain a dedicated toll-free telephone number at (___-___-____) for you to obtain a telephone diagnosis and, if necessary, warranty repair of your Television.  In addition, Sony will train and maintain a dedicated team of technical representatives to respond to calls to the dedicated toll-free telephone number and to arrange for any necessary repair to your Television.  If you contact Sony through the dedicated toll-free telephone number after the Settlement becomes final during the Warranty Extension, and Sony is unable to ship a necessary replacement optical block within 14 days following the initial telephone diagnosis by Sony, you will have the option to exchange your Television for a remanufactured SXRD XBR1 Television, so that you do not have to wait for the replacement optical block.

C.      Reimbursement of Expenses for Optical Block Repair.  If, before the Settlement becomes final, you paid for a replacement of the optical block in your Television, including any money you paid to ship your Television to an authorized service center to repair the optical block, then Sony will reimburse these expenses.

How Can I Get This Reimbursement?  To get your reimbursement for these repair expenses, you must submit a valid "proof of claim" within 180 days after the Settlement becomes final.  To submit a valid proof of claim, you must send the settlement administrator: (i) a completed proof of claim form, in the form attached to this Notice, including your name, address, the serial number of your Television, and a written promise that you personally paid the charge for which you are seeking reimbursement and that this charge has not already been reimbursed by Sony; and (ii) a legible copy of receipt(s) showing the shipping and/or repair charge.  Sony will mail a reimbursement check to you within six (6) weeks after receipt of a valid proof of claim or six (6) weeks after the Settlement becomes final, whichever is later.

D.      Refund of Certain Extended Service Plan Purchases.  If, after July 15, 2006 and before the Settlement becomes final, you paid money to Sony or its extended service plan providers, Service Net Solutions, LLC or Service Net Solutions of Florida, LLC (collectively "Service Net Solutions"), for an extended service plan (sometimes called "extended warranty") covering your Television, then you are entitled to receive a refund for what you paid and to cancel the plan.  You can maintain your extended service plan, if you prefer, but then you will not be able to receive a refund.

How Can I Get This Refund and Cancel My Sony Extended Service Plan?  If you purchased an extended service plan from Sony or Service Net Solutions during the time frame described above, then within three weeks after the Settlement becomes final, Sony will mail to you a request for confirmation that you wish to cancel your extended service plan and receive a refund of money you paid to purchase that plan.  To receive this refund, you must mail the signed request for confirmation to the settlement administrator within nine weeks after the Settlement becomes final.  (The actual date by which the signed request for confirmation must be mailed to the settlement administrator will be printed on the request for confirmation).  Sony will mail your refund check within six weeks after receipt of your signed request for confirmation

and will arrange to cancel your extended service plan upon the mailing of such a check. If you wish to keep your extended service plan, and not get a refund, don't do anything when you receive the request for confirmation.

E.    Reimbursement of Expenses For Certain SXRD Upgrade or Exchange. If you require more than one repair of the optical block in your Television before the Settlement becomes final, Sony will reimburse you for any money you paid to Sony prior to the Settlement becoming final in connection with Sony's customer service staff accommodating an exchange/"upgrade" of your Television for an XBR2, A2000, or A2020 model SXRD television. Sony has records of such payments, and will automatically refund any money that may be owed to you by mailing a check to you within six (6) weeks after the Settlement becomes final.

F.    Release of Sony. You are a member of the Class unless you elect to be excluded (as described below). If you do not request to be excluded from the Class and if the Settlement is approved by the Court, you will be entitled to the benefits described above, you will be bound by the final judgment in the Lawsuit, and you will also be releasing and discharging all Sony affiliated companies, including Sony Electronics Inc., Sony Corporation and Sony Corporation of America, their employees, affiliates, parents, subsidiaries, predecessors, successors and assigns, with respect to any and all claims, demands, damages, debts, liabilities, accounts, costs, attorneys' fees, expenses, liens, actions, causes of action, suits, and losses of every kind and nature whatsoever, whether now known or unknown, suspected or unsuspected, which you now have, own or hold, or at any time before ever had, owned or held, or could, shall or may hereafter have, own or hold, arising or which could be claimed to arise out of or in connection with, or related in any way to the optical block in your Television or the discolorations in the picture display of the Televisions described in this Lawsuit, including but not limited to the allegations in the Complaint filed in the Lawsuit, including but not limited to claims based on any contract, fraud, agreement, common law rule, or state or federal statute. You will not be allowed to start or participate in any lawsuit asserting claims about the optical block in your Television or about the discolorations in the picture display of the Televisions described in this Lawsuit.

As a part of this release, you will be deemed to have expressly waived all rights under California Civil Code § 1542 (or any similar statute or common law rule), and to have done so understanding the significance of that waiver. Section 1542 provides: "**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.**"

The complete version of the Release is contained in the Settlement Agreement.

## THE LAWYERS REPRESENTING YOU

**6.    Do I Have a Lawyer in This Lawsuit**? The Court appointed the law firms of Robert I. Lax & Associates, Lange & Koncius, LLP and The Herskowitz Law Firm LLP to represent you and the other Class Members. Together, the lawyers are called Class Counsel. You will not be

charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense, but it is not necessary.

**7.      How Will the Lawyers be Paid?**  Class Counsel will ask the Court for payment of their attorneys' fees and the expenses that they have incurred in this Lawsuit, of up to $1,600,000.00. After the parties reached agreement on the terms of this Settlement, the amount of attorneys' fees was mediated with the assistance of Hon. Richard C. Neal (Ret.).  Sony has agreed to pay up to this amount, which will not reduce the benefits made available to the Class under the Settlement. The Court, however, may award less than this amount.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want the right to receive the benefits from this Settlement, but instead want keep the right to sue or continue to sue Sony, on your own, about the facts and legal issues in this Lawsuit, then you must take steps to get out of this Lawsuit and Settlement. This is called excluding yourself, or is sometimes referred to as "opting out" of the Class.

**8.      How Do I Get Out of the Settlement?**  To exclude yourself from the Class, you must mail a written request to Robert I. Lax at the address listed below.  The request for exclusion must state: (a) your full name and address; (b) the serial number of your Television (located at the rear of the Television); (c) the name of the Lawsuit, *In re SXRD Rear Projection Television Class Action Litigation*; and (d) a statement that you wish to be excluded from the Settlement Class.  You must mail your exclusion request postmarked no later than [          ], to:

> Robert I. Lax
> Robert I. Lax & Associates
> 380 Lexington Avenue, 31st Floor
> New York, New York 10168

If you ask to be excluded, you will not get the full benefits that Sony is making available in the Settlement, and you cannot object to the Settlement.  You will not be legally bound by anything that happens in this Lawsuit.  You may be able to sue (or continue to sue) Sony for the same facts and legal issues alleged in this Lawsuit in the future.  If you have a pending lawsuit against Sony, speak to your lawyer in that lawsuit immediately.  You must exclude yourself from *this* Class to continue your own lawsuit.  Remember, any request for exclusion must be postmarked no later than _____.

## THE RIGHT TO BE HEARD OR OBJECT

You can also tell the Court how you feel about the Settlement.

**9.      How Can I Tell the Court if I Like or Object to the Settlement?**  If you remain in the Class and wish to support or object to the Settlement or fee request, you may do so by mailing to the Clerk of the Court, as well as Class Counsel and Counsel for Sony, a written statement describing the specific reasons for your support or objection, together with any evidence or legal

authority you believe supports your position.  The statement must also contain the name of the action (*In re SXRD Rear Projection Television Class Action Litigation*), your name, address, and the serial number of your Television (located at the rear of the Television) or, if you are no longer in possession of your Television, a receipt showing proof of purchase and the model number of your Television.  Your statement of support or objection must be postmarked on or before ____ and sent to:

Clerk of the Court
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

Class Counsel                                      Counsel for Sony

                                                   Mary E. Mulligan
Robert I. Lax                                      Hallie B. Levin
Robert I. Lax & Associates                         Friedman Kaplan Seiler & Adelman LLP
380 Lexington Avenue, 31st Floor                   1633 Broadway
New York, New York 10168                           New York, New York 10019

**10.    What's the Difference Between Objecting and Excluding?**  Objecting is simply telling the Court that you don't like something about the Settlement.  You can object only if you stay in the Class.  Excluding yourself is telling the Court that you don't want to be part of the Class, or have anything to do with the Lawsuit or Settlement.  If you exclude yourself, you have no basis to object because the Lawsuit no longer affects you.

**THE COURT'S FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the Settlement (the "Fairness Hearing" or "Hearing").

**11.    When and Where Will the Fairness Hearing Take Place?**  The Court will hold the Fairness Hearing at XX:XX a.m. on _____, 2008 at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, in Courtroom 24A.  At this Hearing the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court may also decide how much to pay Class Counsel.  After the hearing, the Court will decide whether to approve the Settlement.  We do not know how long these decisions will take.  The Court reserves the right to reschedule the Hearing without further notice to the Class.

**12.    Do I Have to Come to the Hearing?**  No, you do not need to come to the Hearing.  Class Counsel will answer questions the Court may have.  If you send an objection, you don't have to come to Court to talk about it.  As long as you mailed your written objection on time, the Court

will consider it.  You may, however, come to the Hearing at your own expense.  You may also pay your own lawyer to attend, but it is not necessary.

**13.     May I Ask to Speak at the Hearing?**  If you sent a written statement of support or objection, as described above, you may also ask to speak at the Hearing, either by yourself or through a lawyer at your own expense.  If you or your lawyer intend to appear at the Hearing, you or your lawyer must send a Notice of Appearance together with any other written materials to be presented to the Court, to: (a) the Clerk of the Court; (b) Class Counsel; and (c) Counsel for Sony, at the three addresses listed above.  These materials must be postmarked on or before _____, 2007.  Remember, you cannot speak at the Hearing if you exclude yourself.

**IF YOU DO NOTHING**

If you do nothing you will be part of this Settlement and entitled to the full benefits it provides.  You will also be bound by the release of legal claims described above.

**GETTING MORE INFORMATION**

This Notice is only intended to provide a summary of the Settlement.  You may obtain the complete text of the Settlement at www.\_\_\_\_.com, by writing to Class Counsel (at the address listed above), or from the court file, which is available for your inspection during regular business hours at the Office of the Clerk of the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, under the Civil Action Number 06 Civ. 5173 (RPP).

**THE FULL BENEFITS, CHECKS AND FEES DESCRIBED ABOVE WILL BE MADE AVAILABLE AND DISTRIBUTED ONLY IF THE COURT APPROVES THE SETTLEMENT AND THE SETTLEMENT BECOMES FINAL ACCORDING TO ITS TERMS.  FOR CURRENT INFORMATION ON WHEN THE SETTLEMENT WILL BE FINAL ACCORDING TO ITS TERMS, GO TO WWW.\_\_\_\_.COM OR CONTACT CLASS COUNSEL AT THE ADDRESS LISTED ABOVE.**

**ANY QUESTIONS YOU MAY HAVE REGARDING THIS NOTICE, THE LAWSUIT, OR THE SETTLEMENT SHOULD BE DIRECTED IN WRITING TO CLASS COUNSEL AT THE ADDRESS LISTED ABOVE.**

**PLEASE DO NOT CONTACT THE COURT WITH ANY QUESTIONS.**

## CLAIM FORM

**YOU MUST FILL OUT AND SUBMIT THIS FORM TO OBTAIN REIMBURSEMENT FOR EXPENSES YOU INCURRED TO HAVE THE OPTICAL BLOCK IN YOUR TELEVISION REPLACED OR REPAIRED**

You may receive reimbursement for out of pocket expenses you paid for: (1) repair or replacement of an optical block; and (2) any costs you incurred to ship your Television to an authorized service center to repair your Television's optical block. To receive this reimbursement, you must complete and submit this form.

## PART I.     MY CONTACT INFORMATION

Name:  _____

Street:  _____

City:  _____  State:  ___  Zip:  _____-____

Television Serial Number (located at the rear of the Television, as show in the picture below):

_____

[insert picture]

Amount of Money Requested for Reimbursement:  _____

## PART II.     ATTESTATION

To receive reimbursement you must check all three boxes below to attest that you paid the charge for which you are seeking reimbursement, that you have not previously received reimbursement for this charge from Sony, and that you are a member of the Class in this Lawsuit. Check each box if you attest that the statement is true.

☐ **A.**     I paid the charge for which I am seeking reimbursement.

☐ **B.**     I did not previously receive reimbursement for this charge from Sony.

☐ **C.**     I purchased or received as a gift a Sony SXRD high definition television model KDS-R50XBR1 or KDS-R60XBR1. I am not a: (a) Sony employee; (b) person who acquired a Television for commercial use or resale; (c) claims aggregator; or (d) person who claims to be an assignee of rights associated with the Televisions.

**For More Information:**
**www.____.com**

**TO BE VALID, YOU MUST MAIL: (1) THIS COMPLETED PROOF OF CLAIM; AND (2) A LEGIBLE COPY OF A RECEIPT SHOWING THE SHIPPING AND/OR REPAIR CHARGE TO THE FOLLOWING ADDRESS:**

Sony Settlement Administrator

_____

P.O. Box _____

_____

**YOU MUST MAIL THIS COMPLETED PROOF OF CLAIM NO LATER THAN 180 DAYS AFTER THE SETTLEMENT BECOMES FINAL ACCORDING TO ITS TERMS. FOR CURRENT INFORMATION ON WHEN THE SETTLEMENT WILL BECOME FINAL, PLEASE GO TO WWW._____.**

**For More Information:**
**www._____.com**

**EXHIBIT D**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
                                           :

IN RE SONY SXRD REAR PROJECTION   :   06 Civ. 5173 (RPP)
TELEVISION CLASS ACTION LITIGATION:
                                         :   ECF CASE
This Document Relates to:            :
                                         :
ALL ACTIONS                      :
                                       :
----------------------------------------------------------x

## SUMMARY NOTICE OF CLASS ACTION SETTLEMENT

TO:    ALL PERSONS IN THE UNITED STATES WHO PURCHASED OR RECEIVED AS A GIFT A
        SONY REAR PROJECTION TELEVISION MODEL NUMBER KDS-R50XBR1 OR KDS-
        R60XBR1 (the "Televisions")

YOU ARE HEREBY NOTIFIED that the parties in the above Class Action Lawsuit have entered an
agreement to settle this Class Action Lawsuit.

PLEASE BE FURTHER ADVISED that pursuant to an Order of the United States District Court, dated
_____ ___, 2007, a hearing will be held before Judge Robert P. Patterson, at the United States Courthouse,
located at 500 Pearl Street, New York, NY 10007, in Courtroom 24A on _____ ___, 2008 at ____, for the
purpose of determining: (1) whether the proposed settlement of the Class Action under the terms set out in the
Settlement Agreement on file with the Court, should be approved by the Court as fair, reasonable and
adequate; (2) whether the Class Action should be dismissed on the merits and with prejudice as against the
defendants, Sony Electronics Inc., Sony Corporation and Sony Corporation of America, according to the
terms of the Settlement Agreement; (3) whether the Class as defined in the Settlement Agreement should be
permanently certified for settlement purposes; and (4) whether the application of the Class Counsel for an
award of attorneys' fees and reimbursement of costs and expenses incurred in connection with the Class
Action should be approved as fair and reasonable. The Court reserves the right to reschedule the hearing
without further notice.

If you purchased or received as a gift a Sony SXRD Rear Projection Television Model Number KDS-
R50XBR1 or KDS-R60XBR1, your rights, including your right to sue for damages relating to optical block of
your Television and discolorations in your Television's picture display, will be affected by the proposed
settlement of the Class Action Lawsuit.

You may view or download copies of the Settlement Agreement and a full Notice describing the terms of the
settlement from _____. You may also receive a copy of the Notice by sending a written request to the
Settlement Administrator: [Administrator Name and Address].

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE.

Dated: _____ ___, 2007

BY ORDER OF THE UNITED STATES DISTRICT COURT

**EXHIBIT E**

**IN RE SXRD REAR PROJECTION TELEVISION CLASS ACTION LITIGATION**
**REQUEST FOR CONFIRMATION OF CANCELLATION AND REFUND OF**
**EXTENDED SERVICE PLAN**

Several months ago you should have received a Notice of Class Action Settlement concerning your Sony SXRD High Definition Television Model KDS-R50XBR1 or KDS-R60XBR1 (the "Televisions"). As part of the Settlement, Sony agreed to extend its manufacturer's limited warranty on the optical blocks in the Televisions through June 30, 2009. In the Settlement, Sony also agreed to reimburse any moneys Settlement Class members paid for the purchase of an extended service plan from Sony or its extended service plan providers, Service Net Solutions, LLC or Service Net Solutions of Florida, LLC, between July 15, 2006 and [the Effective Date], if the Settlement Class member confirms to Sony that he or she wishes to cancel that extended service plan and receive a refund of the money he or she paid for that plan.

Sony's records indicate that you are a Settlement Class member who purchased an extended service plan from Sony or its extended service plan provider during the relevant time frame, and you are therefore entitled to cancel the plan and receive a refund of the money you paid for the plan. You will receive a refund of your purchase of your extended service plan if you sign Part II and return this form as instructed.

**PART I.    YOUR EXTENDED SERVICE PLAN INFORMATION [WE PROVIDE]**

Name: _____
Street: _____
City: _____ State: ___ Zip: _____-____
Extended Service Plan Purchase Date: _____
Money Paid for Extended Service Plan: _____
Extended Service Plan Contract Number:_____

**PART II.    CONFIRMATION OF CANCELLATION AND REQUEST FOR REFUND**

Please sign on the line below to confirm the following:

I hereby confirm that I wish to cancel my extended service plan for my Television with the Extended Service Plan Contract Number listed in Part I above and receive a refund in the full amount of the Money Paid for Extended Service price listed in Part I above.

I UNDERSTAND THAT BY SIGNING BELOW I WILL BE CANCELLING ALL RIGHTS FOR REPAIR OF MY TELEVISION UNDER MY EXTENDED SERVICE PLAN. I UNDERSTAND THAT REPAIR TO MY TELEVISION'S OPTICAL BLOCK WILL BE COVERED BY SONY'S MANUFACTURER'S LIMITED WARRANTY THROUGH JUNE 30, 2009. I ALSO UNDERSTAND THAT, BEGINNING ONE YEAR AFTER THE DATE ON WHICH I PURCHASED MY TELEVISION, ANY AND ALL OTHER REPAIRS TO MY

For More Information:
www._____.com

TELEVISION WILL BE AT MY OWN EXPENSE.

_____

**TO RECEIVE THIS REFUND, YOU MUST MAIL THIS SIGNED FORM TO THE FOLLOWING ADDRESS NO LATER THAN [9 WEEKS AFTER EFFECTIVE DATE].** Sony will send a refund check to you within six weeks after timely receipt of this signed form, and will arrange to cancel your extended service plan upon mailing of that check.

    Sony Settlement Administrator
    _____
    P.O. Box ____
    _____

1     **LANGE & KONCIUS, LLP**                          <u>**EXHIBIT F**</u>
      **Joseph J.M. Lange (CSB #128115)**

2     **Jeffrey A. Koncius (CSB #189803)**
      222 North Sepulveda Boulevard, Suite 1560

3     El Segundo, CA 90245
      Telephone: (310) 414-1880

4     Facsimile: (310) 414-1882

5     **HAROLD J. TOMIN, A LAW CORPORATION**
      **Harold J. Tomin (CSB #36569)**

6     146 S. Fuller Avenue
      Los Angeles, CA 90036

7     Telephone: (323) 939-0644
      Facsimile: (323) 939-4997

8     **ROBERT I. LAX & ASSOCIATES**
      **Robert I. Lax**                    **THE HERSKOWITZ LAW FIRM**

9     **Daniel E. Sobelsohn (CSB#181212)**     **Jon Herskowitz**
      380 Lexington Avenue, 31st Floor        9100 S. Dadeland Boulevard, Suite 1000

10    New York, NY 10168                  Miami, FL 33156
      Telephone: (212) 818-9150           Telephone: (305) 670-0101

11    Facsimile: (212) 818-1266            Facsimile: (305) 670-2393

12    **Attorneys for Plaintiffs**
      **MICHAEL CROFT, RANDY L.**

13    **ENGSTRUM and JOHN LINSCHEID**
      **on behalf of themselves, all others similarly**

14    **situated and the general public**

15                    **SUPERIOR COURT OF CALIFORNIA**

16                       **COUNTY OF SAN DIEGO**

17

18    **MICHAEL CROFT, RANDY L.**     )    **CASE NO. GIC879778**
      **ENGSTRUM and JOHN LINSCHEID, on** )

19    **behalf of themselves, all others similarly** )    **Assigned to the Honorable Judge Richard**
      **situated and the general public,**      )    **Strauss, Dept. 75**

20                             )
              **Plaintiffs,**        )    **DECLARATION OF JEFFREY A.**

21                             )    **KONCIUS IN SUPPORT OF REQUEST**
      **vs.**                           )    **FOR DISMISSAL PURSUANT TO RULE**

22                             )    **3.770 OF THE CALIFORNIA RULES OF**
      **SONY ELECTRONICS, INC., and DOES 1** )    **COURT**

23    **through 100, inclusive,**           )
                            )

24           **Defendants.**         )    **Action filed:  February 7, 2007**
      ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ )    **Trial date:    None**

25

26

27

    DEC. OF JEFFREY A. KONCIUS IN SUPPORT OF REQUEST FOR DISMISSAL
                               -1-

I, Jeffrey A. Koncius, declare:

1.    I am an attorney at law licensed to practice before all Courts of the State of California. I am a member of one of the counsel of record for Plaintiffs herein. The following is based upon my personal knowledge and if called upon as a witness to testify in this matter, I could and would testify competently thereto.

2.    I make this Declaration pursuant to Rule 3.770 of the California Rules of Court which states that a Request for Dismissal of a class action "must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail."

3.    This putative, statewide, class action seeks relief for owners of certain Sony televisions, models KDS-R50XBR1 and KDS-60R60XBR1 (collectively the "Televisions").

4.    A settlement in the related nationwide class action of *In re Sony SXRD Rear Projection Television Class Action Litig.*, pending in the United States District Court, Southern District of New York, case no. 06 Civ. 5173 (RPP) (the "New York Federal Litigation"), has been approved and the order thereon has become final. That settlement subsumes and fully resolves the claims in this action. True and correct copies of the Final Order and Judgment, entered on _____, 2008, and the Settlement Agreement, dated September ___, 2007 (without its attachments), are attached hereto as Exhibits "1" and "2" respectively.

5.    No consideration, neither direct nor indirect, is being given for the dismissal herein separate and apart from that consideration to be given to the nationwide class as provided for in the court-approved settlement of the New York Federal Litigation. That consideration consists of, among other things, the following:

a.    an extension of the manufacturer's limited warranty on the optical block of the Televisions through June 30, 2009, so that repairs to that component will be free of charge and if not timely made, the consumer will have the choice to either wait for the repair or exchange his or her Television;

b.    reimbursement to Class members of out-of-pocket expenses incurred prior to the settlement effective date for replacement of the optical block and shipping charges paid by the Class member;

1

2

3

      c.    reimbursement to Class members for out-of-pocket expenses incurred after July 15, 2006, and prior to the settlement effective date, in connection with their purchase from Sony or its extended service plan provider of an extended service plan or warranty covering the Television; and

4

      d.    reimbursement to Class members who required more than one optical block repair and who paid Sony to exchange/"upgrade" their television.

5

6

6.    Class certification has not been sought in this action.

7

7.    In light of the above, and attached, and because the claims asserted in this action

8

have been fully resolved and are now moot, Plaintiffs request that all of their claims be

9

dismissed, with prejudice, and without fees and costs to any party to the extent those fees and

10

costs are not covered by the final judgment in the New York Federal Litigation.

11

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

12

13

Executed this ___ day of _____2008, at El Segundo, California.

14

15

                               _____
                                     Jeffrey A. Koncius

16

17

18

19

20

21

22

23

24

25

26

27

DEC. OF JEFFREY A. KONCIUS IN SUPPORT OF REQUEST FOR DISMISSAL
-3-

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):* | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| ATTORNEY FOR *(Name):* | | |

Insert name of court and name of judicial district and branch court, if any:

PLAINTIFF/PETITIONER:

DEFENDANT/ RESPONDENT:

| **REQUEST FOR DISMISSAL** | CASE NUMBER: |
|---|---|
| ☐ **Personal Injury, Property Damage, or Wrongful Death** ☐ **Motor Vehicle** ☐ **Other** ☐ **Family Law** ☐ **Eminent Domain** ☐ **Other** *(specify)* : | |

**- A conformed copy will not be returned by the clerk unless a method of return is provided with the document. -**

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice   (2) ☐ Without prejudice

   b. (1) ☐ Complaint   (2) ☐ Petition
      (3) ☐ Cross-complaint filed by *(name):*        on *(date):*
      (4) ☐ Cross-complaint filed by *(name):*        on *(date):*
      (5) ☐ Entire action of all parties and all causes of action
      (6) ☐ Other *(specify):* *

Date:

      ▶

| (TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY) | (SIGNATURE) |
|---|---|
| *If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed. | Attorney or party without attorney for: ☐ Plaintiff/Petitioner ☐ Defendant/Respondent ☐ Cross - complainant |

2. **TO THE CLERK:** Consent to the above dismissal is hereby given.**
   Date:

      ▶

| (TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY) | (SIGNATURE) |
|---|---|
| ** If a cross-complaint-or Response (Family Law) seeking affirmative relief -is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j). | Attorney or party without attorney for: ☐ Plaintiff/Petitioner ☐ Defendant/Respondent ☐ Cross - complainant |

*(To be completed by clerk)*

3. ☐ Dismissal entered as requested on *(date):*
4. ☐ Dismissal entered on *(date):*    as to only *(name):*
5. ☐ Dismissal **not entered** as requested for the following reasons *(specify):*

6. ☐ a. Attorney or party without attorney notified on *(date):*
      b. Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to conformed ☐ means to return conformed copy
   Date:      Clerk, by _____, Deputy

Page 1 of 1

| Form Adopted for Mandatory use<br>Judicial Council of California<br>CIV-110 [Rev. January 1, 2007] | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.;<br>Cal. Rules of Court, rule 3.1390<br>*www.courtinfo.ca.gov*<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

**EXHIBIT G**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
                                                    :
                                                    :  06 Civ. 5173 (RPP)
IN RE SONY SXRD REAR PROJECTION TELEVISION  :
CLASS ACTION LITIGATION                             :  ECF CASE
                                                    :
This Document Relates to:                           :  **FINAL ORDER**
                                                    :  **AND JUDGMENT**
ALL ACTIONS                                         :
                                                    :
                                                    :
------------------------------------------------------------------------x

      This matter having come before the Honorable Robert P. Patterson for hearing on

_____, 2008 pursuant to the Order of this Court, dated _____,

2007 (the "Preliminary Approval Order"), preliminarily approving the settlement set forth in the

Class Action Settlement Agreement dated October 16, 2007 (the "Agreement," attached to the

Preliminary Approval Order as Exhibit 1); and it appearing that due and adequate notice has

been given to the Settlement Class substantially in the form approved by the Court; and the Court

having considered all papers filed and proceedings had herein and otherwise being fully

informed in the premises; and good cause appearing for the making and granting of this

Judgment; on application of the parties for final approval of the Agreement

      It is on this ___day of _____, 2008, HEREBY ORDERED,

ADJUDGED AND DECREED AS FOLLOWS:

      1.    All capitalized terms not otherwise defined herein shall have the meanings

set forth in the Agreement.

2.      This Court has jurisdiction over the subject matter of this action (the "Litigation") and over all parties to the Litigation, including all members of the Settlement Class.

3.      Pursuant to Fed. R. Civ. P. 23, the Court hereby certifies, for purposes of effectuating this settlement only, a Settlement Class of all end user consumers in the United States who purchased or received as gifts Sony SXRD high definition televisions models KDS-R50XBR1 and KDS-R60XBR1, excluding: (a) Sony, its affiliates, and their employees and immediate family members; (b) Persons who purchased or acquired a Television for commercial use or resale; (c) Persons who are claims aggregators; (d) Persons who claim to be an assignee of rights associated with the Televisions; and (e) Persons who timely and validly opted out of the Settlement Class.

4.      The notice given to the Settlement Class, as set forth in the Preliminary Approval Order, was the best notice practicable under the circumstances and fully satisfied the requirements of Fed. R. Civ. P. 23 and due process of law.

5.      With respect to the Settlement Class, this Court finds and concludes that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the class representatives are typical of the claims of the Settlement Class; (d) the class representatives and their counsel have fairly and adequately represented and protected the interests of all of the Settlement Class members; and (e) a class action is superior to other methods for the fair and efficient adjudication of the matter.

6.      The Court does hereby approve the Agreement and the settlement set forth therein and finds that said settlement is, in all respects, fair, reasonable, and adequate to the

Settlement Class, and the parties are hereby directed to consummate the settlement in accordance with the terms of the Agreement.

7.     The Plaintiffs and each of the Settlement Class members shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against all Released Parties.

8.     All Settlement Class members are forever barred and enjoined, whether acting directly, representatively, derivatively or in any other capacity, from commencing, prosecuting, or participating in (actively or inactively) any action or proceeding in any court or tribunal asserting any of the Released Claims against any of the Released Parties.

9.     Pursuant to the Agreement, Sony has agreed to pay Class Counsel up to $1,600,000 in attorneys' fees and expenses, subject to Court approval.  Sony is ordered to pay the sum of $_____ as attorneys' fees and expenses to Class Counsel, which the Court finds to be fair and reasonable, in accordance with and subject to the terms and conditions of Section 6 of the Agreement.

10.     Neither the Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack thereof of any Released Claim, or of any wrongdoing or liability of Sony or the Released Parties; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Sony or the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Sony or the Released Parties may file the Agreement and/or this Judgment in any action that has been or may be brought against it in order to support a defense or counterclaim based on principles of res

3

judicata, collateral estoppel, release, good faith settlement, accord and satisfaction, judgment bar

or reduction or any theory of claim preclusion or issue preclusion or similar defense or

counterclaim.

11.     Without affecting the finality of this Judgment in any way, this Court

hereby retains continuing jurisdiction over: (a) implementation of this settlement; and (b) all

parties hereto for the purpose of construing, enforcing and administering the Agreement,

including the administration, interpretation, effectuation and enforcement of this Judgment.

12.     Without further order of the Court, the parties may agree to reasonable

extensions of time to carry out any of the provisions of the Agreement.

13.     In the event that the settlement does not become Final in accordance with

the terms of the Agreement, then this Judgment shall be rendered null and void to the extent

provided by and in accordance with the Agreement and shall be vacated and, in such event, all

orders entered and releases delivered in connection herewith shall be null and void to the extent

provided by and in accordance with the Agreement.

14.     The Court hereby dismisses the Litigation with prejudice, and without

costs for or against any party except as otherwise provided in this Judgment.

_____

United States District Judge