UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

IN RE SONY SXRD REAR PROJECTION TELEVISION
CLASS ACTION LITIGATION

This Document Relates to:

ALL ACTIONS

: 06 Civ. 5173 (RPP)

: ECF CASE

: **DECLARATION OF**
: **MARY E. MULLIGAN**

-----------------------------------------------------------------x

I, MARY E. MULLIGAN, declare as follows:

1. I am a member of Friedman Kaplan Seiler & Adelman LLP, attorneys for defendants Sony Electronics Inc., Sony Corporation, and Sony Corporation of America (collectively, "Sony"). I submit this declaration, which is based on my personal knowledge, in support of final approval of the proposed settlement of this action.

**Background**

2. Plaintiff Michael Cook filed this case as a putative national class action on July 7, 2006. An identical complaint was filed by Paul Krasnoff on September 29, 2006. The Court consolidated the two actions on December 22, 2006, and plaintiffs thereafter filed a consolidated complaint. After Sony moved to dismiss the consolidated complaint, plaintiffs filed a First Amended Consolidated Class Action Complaint, dated February 19, 2007 (the "Complaint"), which, *inter alia*, added sixteen new plaintiffs. A copy of the Complaint is attached hereto as Exhibit 1.

3. The Complaint alleges that there is an inherent defect in all Sony rear projection, high-definition SXRD televisions with the model numbers KDS-R50XBR1 and

KDS-R60XBR1 (the "Televisions"). More specifically, it alleges that a defect in the optical block of the Televisions (the equivalent of the picture tube in a conventional television) causes a green haze in the middle of the screen (the "green issue") or a yellow stain starting at the edge of the screen and expanding over time (the "yellow issue"). The Complaint posits a class consisting of every person in the United States who bought a Television, and it asserts nine causes of action: statutory consumer protection claims under the law of California (Counts 1-3); statutory consumer protection claims under the laws of 44 other states and the District of Columbia (Count 4); statutory breach of warranty claims under California and federal law (Counts 5-6); common law breach of express and implied warranty claims (Counts 7-8); and unjust enrichment (Count 9).

4. Sony believes that it has strong defenses to plaintiffs' claims, and on March 21, 2007, the company moved to dismiss the case in its entirety. A copy of Sony's memorandum in support of the motion, to which plaintiffs never responded, is attached hereto as Exhibit 2.

**Settlement Negotiations**

5. Despite the strength of its defenses and the difficulties plaintiffs would face in certifying a class for litigation purposes (these issues are briefly discussed in Sony's accompanying memorandum of law in support of final approval), Sony agreed to negotiate a possible resolution of this case to avoid the risks and burdens inherent in complex, class action litigation. Beginning in November 2006 and continuing through May 2007, the parties conducted intensive arm's-length negotiations. After a mediation (and several follow-up telephone sessions) before Richard C. Neal, a retired justice of the California Court of Appeal, the parties reached agreement on all aspects of class compensation. Thereafter, they began

negotiations over plaintiffs' counsel fees, reaching agreement only after another mediation session (and telephone follow-up) with Justice Neal.

6. During the course of negotiations and continuing after a settlement in principle was reached, plaintiffs conducted formal and informal discovery (including discovery from third parties) designed to establish the relevant facts that would allow for an evaluation of the strengths and weaknesses of plaintiffs' claims and that would set a factual predicate for a proposed resolution. In particular, Sony provided plaintiffs with the engineering documents and access to Sony personnel that allowed the parties to establish the nature and cause of the green and yellow issues; the improvements Sony made that resolved those issues; the timing and efficacy of the improvements; and Sony's ability to replace any optical block manifesting a green or yellow issue with an optical block containing all of the improvements. The accompanying declaration of John-Pierre Guillou, a Sony Senior Engineer, summarizes all of these relevant facts.

**The Terms of the Settlement**

7. The parties' agreement is intended to ensure that class members are reimbursed for expenses they may have incurred for repairs relating to the green or yellow issue, and that class members whose Televisions manifest a green or yellow issue in the future can have the optical block replaced without cost and with maximum convenience. Accordingly, the settlement extends the optical block warranty until June 30, 2009[1]; provides for the rapid

---

[1] The original limited warranty (a copy of which is attached hereto as Exhibit 3) ran for one year. Sony sold the Televisions from September 2005 until July 2006 (retailers may have sold them for several months more). Accordingly, class members' original warranties would have started expiring in September 2006 and almost all would have expired by the end of 2007.

diagnosis of problems and scheduling of in-home repairs by a dedicated team of Sony technicians; allows class members to trade in their Televisions for a remanufactured set if a replacement optical block is not shipped within 14 days of the diagnosis of a problem; reimburses class members for certain out-of-pocket costs of optical block repairs upon submission of a proof of claim; reimburses upgrade costs for class members who needed more than one optical block repair prior to the effective date of the settlement and who chose to upgrade to other rear projection SXRD models; and reimburses class members for the cost of certain extended service contracts purchased from Sony (those the parties believe were purchased specifically to defray the cost of a repair due to the green or yellow issue), if they wish to cancel those contracts. In addition, Sony will pay all costs of settlement administration and plaintiffs' reasonable counsel fees and expenses as awarded by the Court, up to $1.6 million. A copy of the settlement agreement (without exhibits) is attached hereto as Exhibit 4.

**Notice to the Class**

8. The Court granted preliminary approval to the settlement on October 23, 2007 and ordered notice sent to the class by mail or e-mail (where contact information was available), by newspaper publication, and by the establishment of an Internet site. A copy of the preliminary approval order is attached hereto as Exhibit 5.

9. As explained in the accompanying declaration of Alexis Cohen, notice was provided in accordance with the Court's order.

10. Out of approximately 172,000 class members, only 22 opted out (according to plaintiffs' counsel who received opt out requests). Only 45 class members sent letters that could be construed as objections. The objections are addressed in the accompanying memorandum of law.

4

11. I declare under penalty of perjury that the foregoing is true and correct.

Executed on: February 14, 2008

                                     _/s/ Mary Mulligan_
                                           Mary E. Mulligan