# EXHIBIT 5
## TO THE
# DECLARATION OF
# MARY E. MULLIGAN

**EXHIBIT B**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
: 06 Civ. 5173 (RPP)
:
IN RE SONY SXRD REAR PROJECTION : ECF CASE
TELEVISION CLASS ACTION LITIGATION :
: **ORDER PRELIMINARILY**
This Document Relates to: : **APPROVING SETTLEMENT**
: **AND PROVIDING**
ALL ACTIONS : **FOR NOTICE, INCLUDING**
: **PUBLICATION NOTICE**
:
------------------------------------------------------------x

This matter having come before the Honorable Robert P. Patterson on October 17, 2007; and it appearing to the Court that this action (the "Action") has been filed as a putative class action; and it further appearing that the parties have made application for an order approving the settlement of this Action in accordance with a Class Action Settlement Agreement dated October 16, 2007 (the "Agreement") which, together with the exhibits annexed thereto, sets forth the terms and conditions for a proposed settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Agreement and exhibits annexed thereto; and good cause being shown for the making and granting of this Order.

It is on this **23rd** day of **October**, 2007, HEREBY ORDERED as follows:

1. All capitalized terms not otherwise defined herein shall have the meanings set forth in the Agreement (attached hereto as Exhibit 1).

2. Pursuant to Fed. R. Civ. P. 23, the Court preliminarily certifies, for purposes of effectuating this settlement only, a Settlement Class of all end user consumers in the

482374.4

United States who purchased or received as gifts Sony SXRD high definition television models KDS-R50XBR1 and KDS-R60XBR1, excluding (a) Sony, its affiliates, and their employees and immediate family members; (b) Persons who purchased or acquired a Television for commercial use or resale; (c) Persons who are claims aggregators; and (d) Persons who claim to be an assignee of rights associated with the Televisions.

3. Plaintiffs Michael Cook, Paul Krasnoff, Rami Masri, Clinton Carr, Paul Scharlau, Darrell Lawson, Richard Lisa, Debra Jovanovic, Blaine Eric Walker, Syboll Munger, Jim Porubyanski, Bob Hicks, Gary Weldon, Jimmy Cline, Ronald Rossett, J. Eisenbraun, James Wingate and Mark Beeman are hereby appointed class representatives. Robert I. Lax of Robert I. Lax & Associates, Jeffrey A. Koncius of Lange & Koncius, LLP and Jon M. Herskowitz of the Herskowitz Law Firm are hereby appointed Class Counsel.

4. With respect to the Settlement Class, this Court preliminarily finds and concludes that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the class representatives are typical of the claims of the Settlement Class; (d) the class representatives and their counsel have fairly and adequately represented and protected the interests of all of the Settlement Class members; and (e) a class action is superior to other methods for the fair and efficient adjudication of the matter.

5. The Court does hereby preliminarily approve the Agreement and the settlement set forth therein as fair, reasonable, adequate and in the interests of the Settlement Class as a whole, subject to further consideration at the Settlement Hearing described below.

6. A hearing (the "Settlement Hearing") shall be held before this Court on RPP February 27, 2008 [~~a date approximately four months after the date on which this preliminary~~ RPP ~~approval order is issued~~] at 9:30 a.m. in Courtroom 24A of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York, to determine whether the proposed settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; whether a Judgment as provided in Section 12 of the Agreement should be entered herein; and to determine the amount of counsel fees and expenses to be awarded to Class Counsel, which fees and costs, not to exceed $1,600,000, shall be paid by Sony. The Court may adjourn the Settlement Hearing without further notice to members of the Settlement Class.

7. The Court approves as to form and content the Notice of Class Action Settlement (the "Notice") annexed as Exhibit C to the Agreement; and the Summary Notice of Class Action Settlement (the "Summary Notice") annexed as Exhibit D to the Agreement; and finds that the mailing, publication and Internet posting of the Notice and Summary Notice substantially in the manner and form set forth in Sections 7(a) through (c) of this Order meet the requirements of Fed. R. Civ. P. 23 and of due process of law, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

RPP (a) Not later than December 27, 2007 [~~a date not earlier than 60~~ RPP ~~days before the Settlement Hearing~~], Sony, at its sole expense, shall cause a copy of the Notice to be sent by direct mail or e-mail to all members of the Settlement Class for whom Sony has obtained contact information from its registered database or from Class Counsel.

RPP
RPP
    (b)    Not later than __December 27__, 2007 [a ~~date not earlier than 60 days before the Settlement Hearing~~], Sony, at its sole expense, shall cause a copy of the Summary Notice to be published on two separate occasions, one week apart, in *USA Today*.

    (c)    Not later than seven business days after the date of entry of this Preliminary Approval Order, the Notice and accompanying proof of claim form shall be posted on the Settlement Website by Sony, at its sole expense.

    8.    Any potential member of the Settlement Class may request exclusion from the Settlement Class. Such request for exclusion must be postmarked on or before

RPP __February 6__, 2008 [~~the date 21 days before the Settlement Hearing~~], and otherwise comply with the requirements set forth in the Notice. All members of the Settlement Class who do not request exclusion therefrom in the manner provided herein may, but need not, enter in appearance in this Action pro se or through counsel of their own choice, in the manner provided herein. If they do not enter an appearance in the manner provided herein, they will be represented by Class Counsel.

    9.    (a) Any member of the Settlement Class who does not request exclusion may file papers supporting or objecting to the proposed settlement by filing with the Court and mailing to Class Counsel and to counsel for Sony, by first-class mail postmarked not later than 21 days before the Settlement Hearing, a written statement of support or objection which must set forth: (i) an identification of the action, *e.g.*, *In re SXRD Rear Projection Television Class Action Litigation*; (ii) the Settlement Class member's full name, address, and the serial number of his or her Television (or, if the Settlement Class member is no longer in possession of the Television, a receipt showing proof of purchase and the model number of the Television); and (iii) the specific reasons for the objection, and any evidence or legal authority the Settlement

482374 4                       4

Class member believes supports the objection. Any member of the Settlement Class who does not make his or her objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated in the Agreement unless otherwise ordered by the Court.

(b) Any member of the Settlement Class who files a written statement of support or objection to the settlement in accordance with Section 11(a) hereof may appear at the Settlement Hearing, at his or her own expense, either personally or through counsel, in support of or opposition to the settlement; provided however, that no Settlement Class member shall be heard unless he or she files with the Clerk of the Court, and mails to Class Counsel and Counsel for Sony, a notice of appearance together with any other written materials to be presented to the Court. Notices of appearance and written materials to be presented to the Court must be postmarked no later than _February 6_, 2008 [the date 21 days before the Settlement Hearing]. Any Settlement Class member who does not enter an appearance will be represented by Class Counsel.

[Margin annotations: RPP, RPP]

10. Until the Settlement Hearing, neither Plaintiffs nor any member of the Settlement Class, whether directly, representatively, derivatively, or in any other capacity, shall commence, prosecute, or participate in (actively or inactively) any action or proceeding in any court or tribunal asserting any of the Released Claims against any of the Released Parties.

11. Except as provided in this Agreement, the Action is stayed pending the Court's decision on the fairness of the proposed settlement.

12. All papers, including memoranda to be filed by the parties in support of the settlement, Class Counsel's application for attorneys' fees and reimbursement of expenses,

n.e.t.  shall be served and filed on or before ___February 15___, 2008 [~~the date 10 days before~~
R.P.P.  ~~the Settlement Hearing~~].

        13.    The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the members of the Settlement Class, and retains jurisdiction to consider all further applications concerning the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the parties, if appropriate, without further notice to the Settlement Class.

October 23, 2007       _____
                                                United States District Judge